UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10581PBS

YVETTE LOCKHART-BEMBERRY,                      )
                              Plaintiff         )
VS.                                             )
                                                )
TOWN OF WAYLAND POLICE DEPARTMENT,              )
ROBERT IRVING, in his capacity as CHIEF OF THE  )
WAYLAND POLICE DEPARTMENT and                   )
DANIEL SAURO                                    )
                              Defendants         )

## DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

### FIRST AFFIRMATIVE DEFENSE

The defendants hereby state that the plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendants hereby answer the plaintiff's complaint, paragraph by paragraph, as follows:

### PARTIES

1.    The defendants are without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

2.    The defendants admit the allegations contained in this paragraph.

3.    The defendants admit the allegations contained in this paragraph.

4.    The defendants admit the allegations contained in this paragraph.

## STATEMENT OF FACTS

5.    The defendants are without sufficient knowledge or information to form a belief as to these allegations contained in this paragraph.

6.    The defendants admit that there was a slope at the edge of the shoulder of the road where the plaintiff's car was, but deny the remainder of the allegations contained in this paragraph.

7.    The defendants admit that Sgt. Daniel Sauro arrived to assist the plaintiff but deny the remaining allegations contained in this paragraph.

8.    The defendants deny the allegations contained in this paragraph.

9.    The defendants admit that plaintiff told Sgt. Sauro that her car had broken down but deny the remaining allegations contained in this paragraph.

10.    The defendants admit that Sgt. Sauro requested the plaintiff, if she could, move the car to the side of the road but deny the remaining allegations contained in this paragraph.

11.    The defendants admit that the plaintiff attempted to comply with Sgt. Sauro's request but deny the remaining allegations contained in this paragraph.

12.    The defendants deny the allegations contained in this paragraph.

13.    The defendants admit that the plaintiff attempted to move the car again, but deny the remaining allegations contained in this paragraph.

14.    The defendants admit that the plaintiff lost control of the vehicle and that the car picked up speed.  The defendants deny the remaining allegations contained in this paragraph.

15.    The defendants are without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph. To the extent necessary, the defendants deny the allegations contained in this paragraph.

16.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond. To the extent necessary, the defendants deny the allegations contained in this paragraph.

17.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond. To the extent necessary, the defendants deny the allegations contained in this paragraph.

## STATEMENT OF CLAIMS
## COUNT I—NEGLIGENCE

18.    The defendants hereby repeat their responses to the preceding paragraphs of the plaintiff's complaint.

19.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

20.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT II—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21.    The defendants hereby repeat their responses to the preceding paragraphs of the plaintiff's complaint.

22.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

23.    The allegations contained in this paragraph state a conclusion of

law to which the defendants need not respond.

## COUNT III—VIOLATION OF 42 U.S.C.§1983

24.    The defendants hereby repeat their responses to the preceding paragraphs of the plaintiff's complaint.

25.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

26.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT IV—VIOLATION OF THE M.C.R.A.,M.G.L. c. 12§11H or I

27.    The defendants hereby repeat their responses to the preceding paragraphs of the plaintiff's complaint.

28.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

29.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT V—NEGLIGANT SUPERVISION—MUNCIPAL DEFENDANTS

30.    The defendants hereby repeat their responses to the preceding paragraphs of the plaintiff's complaint.

31.    The defendants deny the allegations contained in this paragraph.

32.    The defendants deny the allegations contained in this paragraph.

33.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

34.    The defendants deny the allegations contained in this paragraph.

35.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT VI—NEGLIGENT SUPERVISION—MONELL CLAIM—MUNICIPAL DEFENDANTS

36.    The defendants hereby repeat their responses to the preceding paragraphs of the plaintiff's complaint.

37.    The defendants deny the allegations contained in this paragraph.

38.    The defendants deny the allegations contained in this paragraph.

39.    The defendants deny the allegations contained in this paragraph.

40.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

41.    The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.


## DEMAND FOR JUDGMENT

WHEREFORE, the defendants deny that the plaintiff is entitled to Judgment in any amount against the defendants and, furthermore, the defense asks this Honorable Court to enter Judgment for the defendants and against the plaintiff along with interest, costs, and attorney's fees.

### AFFIRMATIVE DEFENSES

### THIRD AFFIRMATIVE DEFENSE

The individual defendants are entitled to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants state that they were justified in their acts or conduct and, therefore, the plaintiff cannot recover.

## FIFTH AFFIRMATIVE DEFENSE

The defendants state that their actions and conduct were performed according to, and protected by, law and/or legal process, and that, therefore, the plaintiff cannot recover.

## SIXTH AFFIRMATIVE DEFENSE

The defendants state that their actions are immune from suit as they are engaging in discretionary functions.

## SEVENTH AFFIRMATIVE DEFENSE

The defendants state that they were privileged in their conduct and acts and that, therefore, the plaintiff cannot recover.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the action is barred by the applicable Statute of Limitations.

## JURY CLAIM

The defendants claim a trial by jury as to all issues properly triable to a jury.

Respectfully submitted,
The defendants, The Town of Wayland
Police Department, Robert Irving, in his
Capacity as Chief of the Wayland Police
Department, and Daniel Sauro


/s/ Jeremy Silverfine
Leonard H. Kesten, BBO #542042
Jeremy I. Silverfine, BBO #542779
Brody, Hardoon, Perkins & Kesten, LLP
1 Exeter Plaza
Boston, MA  02116
617-880-7100

Dated:  April 5, 2004