# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                                      SUPERIOR COURT
                                                                    C.A. NO. 03-5095 H

*******************************************
YVETTE LOCKHART-BEMBERY,           *
                                   *
              Plaintiff            *
                                   *
v.                                 *
                                   *
TOWN OF WAYLAND POLICE DEPARTMENT, *
ROBERT IRVING, in his capacity as CHIEF OF *
THE WAYLAND POLICE DEPARTMENT and  *
DANIEL SAURO,                      *
                                   *
              Defendants           *
*******************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Yvette Lockhart-Bembery is an individual with a usual residence in Framingham, Middlesex County, Massachusetts. The plaintiff is a slight 56 year old African-American woman and a citizen and resident of the United States and the Commonwealth of Massachusetts entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. The Defendant Town of Wayland Police Department is a department of the Town of Wayland, a municipality located in the County of Middlesex, Commonwealth of Massachusetts, and the employer of defendant Daniel Sauro.

3. Defendant Robert Irving was a duly appointed Chief of Police of the Town of Wayland Police Department acting under color of law at all times relevant hereto, and is named both individually and in his official capacity.

4. Defendant, Daniel Sauro, was a duly appointed and acting officer of the Wayland Police Department at all times relevant hereto, and is named in his individual and official capacities.

## STATEMENTS OF FACTS

5. On February 6, 2002, plaintiff Yvette Lockhart-Bembery, an African-American dressed with a head covering, was traveling on Route 30 in Wayland in her 1988 Cadillac when the car broke down. Plaintiff Lockhart-Bembery pulled her vehicle to the shoulder of the roadway to await AAA, whom she had called for roadside assistance.

6. At the spot where the plaintiff's car had broken down, near the Framingham, Wayland line, there was a steep slope just at the edge of the shoulder of the road.

7. After a short time, defendant Sauro, a Wayland police sergeant, arrived.

8. Upon arriving, Sauro told Ms. Lockhart-Bembery to move her car off the road, or he would have it towed.

9. The diminutive Plaintiff Lockhart-Bembery responded to Sergeant Sauro that her car broke down and she was unable to move it.

10. Defendant Sergeant Sauro responded by ordering the plaintiff to put the car in neutral and to use her weight to push it further to the side of the road.

11. Ms. Lockhart-Bembery, a slight 56 year old woman, attempted to comply with defendant Sauro's order, but was unable to do so to defendant Sauro's satisfaction.

12. Making no effort to help the struggling Ms. Lockhart-Bembery, defendant Sauro instead informed plaintiff Lockhart-Bembery that she had not moved the car far enough.

13. At defendant Sauro's command, Plaintiff Lockhart-Bembery attempted to move the car again. Using her body weight as leverage, she pushed with her feet to roll the car further to the side.

14. While defendant Sauro stood and watched, Ms. Lockhart-Bembery began to lose control of the vehicle. The car picked up speed and slid down a 30-50 foot embankment, dragging the plaintiff Lockhart-Bembery with it.

15. Plaintiff Lockhart-Bembery suffered severe physical injuries and the car was totaled.

16. Plaintiff's physical injuries and damages were a direct and proximate result of the conduct of defendant Sauro, which included ordering plaintiff Lockhart-Bembery to undertake the unsafe and dangerous task of pushing her car off the road, where there was a steep embankment at the side of the road.

17. As a direct and proximate result of defendant Sauro's actions, Ms. Lockhart-Bembery has suffered physical injury, extreme and lasting mental injury and emotional distress, economic damage and other things.

## STATEMENT OF CLAIMS

### COUNT I - NEGLIGENCE

18. Plaintiff reavers and realleges each of the preceding paragraphs.

19. Defendant Sauro's actions, as described herein, were negligent.

20. Plaintiff suffered physical injuries and monetary and other damages as a direct and proximate result of the defendant Sauro's negligence.

-3-

## COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff reavers and realleges each of the preceding paragraphs.

22. The individual defendants' conduct, as set forth above, was outrageous beyond the bounds of human decency and beyond that which a civilized society would tolerate, and the defendants knew or should have known that said conduct would inflict severe emotional distress upon the plaintiff.

23. Plaintiff in fact suffered physical injuries, manifestations of mental and emotional distress and other damages as a result of the outrageous conduct of the individual defendants.

## COUNT III - VIOLATION OF 42 USC §1983

24. Plaintiff reavers and realleges each of the preceding paragraphs.

25. The actions of defendant Sauro constituted an unconstitutional seizure and detainment of the plaintiff, constituted a violation of the plaintiff's due process rights, constituted a state created danger which caused harm to the plaintiff and otherwise constituted violations of the plaintiff's civil rights, in violation of the United States Constitution, the Massachusetts Declaration of Rights and 42 USC §1983.

26. The plaintiff suffered severe physical injuries, monetary losses and other damages as a result of the constitutionally violative conduct of the defendants.

## COUNT IV- VIOLATION OF THE MCRA, MGL C12 §11H OR I

27. Plaintiff reavers and realleges each of the preceding paragraphs.

-4-

28. The actions of defendant Sauro constituted an unconstitutional seizure and detainment of the plaintiff, by use of threats, intimidation or coercion; constituted a state created danger and otherwise constituted violations of the plaintiff's civil rights, in violation of the United States Constitution, the Massachusetts Declaration of Rights and MGL c. 12 §11I.

29. The plaintiff suffered severe physical injuries, monetary losses and other damages as a result of the constitutionally violative conduct of the defendants.

## COUNT V - NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS

30. Plaintiff reavers and realleges each of the preceding paragraphs.

31. The defendants Town of Wayland and Chief of Police Robert Irving owed a duty of reasonable care to the plaintiff and to all citizens who enter the limits of the municipality of Wayland to properly and reasonably train and supervise its police officers.

32. Said defendants breached their duty by failing to properly train and supervise defendant Sauro. Said failure specifically includes but is not limited to the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Wayland Police Officers, which failure delivered a message to the individual defendant police officers herein that there would be no departmental sanctions for engaging in negligence or misconduct.

33. Defendants' breach of duty proximately caused the plaintiff injury and damage.

34. Demand was made upon appropriate chief executive officers of defendant Town of Wayland pursuant to MGL, c. 258, in December of 1999, which demand has not been met by a reasonable offer of settlement.

-5-

35. As a direct and proximate result of these acts, the plaintiff was caused physical damages, great emotional distress, monetary damages and suffered other damages.

### COUNT VI - NEGLIGENT SUPERVISION MONELL CLAIM – MUNICIPAL DEFENDANTS

36. Plaintiff reavers and realleges each of the preceding paragraphs.

37. The defendants Town of Wayland and Chief of Police Robert Irving owed a duty of reasonable care to the plaintiff and to all citizens who enter the limits of the municipality of Wayland to properly and reasonably train and supervise its police officers.

38. The defendants Town of Wayland and Chief of Police Robert Irving maintained a policy or custom of failing to reasonably train and supervise its police officers. Defendants Town of Wayland and Chief of Police Robert Irving also maintained a policy or custom of failing to adequately investigate Town of Wayland Police Officers accused of misconduct.

39. Said policies and customs evidenced a deliberate indifference on the part of the Town and Chief Irving to the Constitutional rights of the plaintiff and to all persons present in the Town of Wayland. Said policies and customs specifically include the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Wayland Police officers. These failures delivered a message to the individual defendant Police officer herein that there would be no departmental sanctions for engaging in misconduct.

40. Defendants' official policy or custom proximately caused the plaintiff injury and damage.

41. As a direct and proximate result of the failure of the defendant Town of Wayland and Chief of Police Robert Irving to adequately train and supervise the police officers under their command, including defendant Sauro, the plaintiff was caused physical damages, great emotional distress, monetary damages and suffered other damages.

WHEREFORE, the plaintiff requests that this court grant her judgment against each of the defendants, jointly and severally, on each count for which they may be liable, in such amount as is reasonable and just, plus such cost, attorneys fees, punitive damages and interest as he is entitled by law.

## PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.

Respectfully submitted,
Yvette Lockhart-Bembery,
by his counsel,

Date: 1/10/03

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

-7-

## VERIFICATION OF COMPLAINT

I have read each of the allegations set forth in the complaint herein and attest and verify the truth of each allegation. Signed and sworn under pains and penalties of perjury this ___16th___ day of ___November___, 2003.

_Yvette Lockhart-Bemberry_
Yvette Lockhart-Bemberry

lockhart\complaint

-8-