UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************
YVETTE LOCKHART-BEMBERY,          *
                                  *
            Plaintiff             *
                                  *
v.                                *
                                  * C.A. NO. 04-10581-PBS
TOWN OF WAYLAND POLICE DEPARTMENT,*
ROBERT IRVING, in his capacity as CHIEF OF *
THE WAYLAND POLICE DEPARTMENT and *
DANIEL SAURO,                     *
                                  *
            Defendants            *
*********************************
```

## STATEMENT OF CONTESTED FACTS

**I. Introduction and Brief Statement of Facts**

This case involves a claim for injuries the plaintiff suffered on February 6, 2002. That morning Plaintiff Lockheart Bembery's car had broken down on Rte 30 in Wayland, as it approached the Natick line. The plaintiff, pulled her car to the side of the road and called AAA from the cellphone of a good Samaritan passerby, who then called 911. These facts are not disputed.

Defendant Sauro responded to the call, decided the plaintiff's car was obstructing traffic and ordered the plaintiff to move her car. This is also not disputed. He then refused to help her because, as he testified at his deposition, it was not safe to push a motor vehicle by hand, so that there is a directive that police officers "do not push motor vehicles by hand". [Sauro deposition, Exhibit A, hereto, pp. 69-70]

Attempting to comply with defendant Sauro's order, the plaintiff lost control of her car, which rolled down a steep embankment, pulling the plaintiff down the embankment, causing her serious injury. This is not disputed.

In stating these facts, the defendants ignore and omit relevant facts and shade other facts in a light more favorable to them, which they are not permitted to do when moving for summary judgment. Below, herein, are relevant facts which the defendants have ignored and omitted. Plaintiff then responds to each of the defendants' claimed "Undisputed Facts".

In some instances, while some facts are not quite stated inaccurately, the defendants have not posed them in the light most favorable to the plaintiff. For example, one key fact in this case is that defendant Sauro ordered the plaintiff to move her car. Yet the defendants, attempting to avoid acknowledging this, pose the command as a polite suggestion that the plaintiff had the option to refuse. By doing so, the defendants fail to present the facts in the light most favorable to the plaintiffs, and to this extent, their statement of facts is improper. Plaintiff notes when this occurs.

## II. Omitted Relevant Facts

Plaintiff lists the following as relevant facts omitted by the defendants:

1. The plaintiff is an African-American who, although she is not a Muslim, wears a white headcovering, for religious reasons, that makes her appear to be a Muslim. [Lockhart-Bembery deposition, Exhibit B, hereto, pp. 72-73]

2. There is a pattern and history of Wayland police officers stopping African-Americans driving in Wayland. [See Complaint, <u>DeMiranda v Berger et al</u>, Middlesex Superior Court, Civil Action 01-4010, since removed to Federal Court, attached hereto as Exhibit C]

3. At the area of Route 30 where the plaintiff's car was stopped, although the shoulder of the two lane (one land each direction) road was less than a car's width, there was a grassy area to the right of the shoulder, which gave the plaintiff room to move her car well off the roadway. [1] [Exhibit B, pp. 111-112, Drawing made at deposition, Exhibit B-1, hereto, Affidavit of Yvette Lockhart-Bembery, filed herewith and deposition of defendant Sauro, Exhibit A, hereto, at 57-58 "Q: And what was beyond the shoulder in the area where you saw – where you saw the car in response to this call? A; Okay. On the shoulder there was grass and a driveway"]

4. The defendants have a regulation prohibiting police officers from pushing stalled cars because it is unsafe to do so. [Sauro deposition, Exhibit A, pp. 69-71] Thus defendant Sauro ordered the plaintiff to do something that was so unsafe that his own regulations protected him from having to do so.

5. There was no "curve" at the point on Rte. 30 where the plaintiff's car was stopped. [See photos filed with and identified in plaintiff's Affidavit, filed herewith]

---

[1] A significant disputed fact is whether the plaintiff's car was blocking the road and obstructing traffic, as the defendants contend, or whether there was no traffic and whether the plaintiff's car was wholly off the road, on a grassy area between the roadway and the steep embankment where the plaintiff and her car fell when defendant Sauro ordered her to move her car.

II. **Contested Facts**

Plaintiff responds as follows to each of the 17 alleged uncontested statements of fact listed by the defendants:

1. The plaintiff suffered injuries on February 6, 2003

**Plaintiff does not contest this fact**.

2. On February 6, 2002, Wayland Police Sergeant Daniel Sauro responded to a radio call concerning a woman slumped over in her automobile seat on Route 30 by Willowbrook Road in Wayland near the Natick line.

**Plaintiff contests whether the radio call indicated she was slumped over in her automobile. She was not "slumped over" but was seated in the driver's seat, as defendant Sauro's testimony of what he observed when he arrived at the scene indicates. [Sauro deposition, Exhibit A, pp. 69-71] There is no admissible evidence either that the plaintiff was "slumped over in her automobile" or that the radio dispatch so reported, only defendant Sauro's hearsay testimony of what the dispatch said. Ms. Lockhart-Bembery states that she was standing alongside her car when defendant Sauro arrived. [Lockhart-Bembery deposition, Exhibit B, p. 79, 81]**

**Indeed, the defendants have failed to provide a copy of the dispatch tape, even though they were bound to do so under Rule 26 Automatic Disclosure. The defendants' failure to produce evidence which they now contend supports a fact they raise in their defense should entitle the plaintiff to an adverse inference that the dispatch tape did not report that the plaintiff was slumped over in her car. [F.R.C.P., Rule 37 (b) (2)]**

3. In February 2002, the pertinent part of Route 30 was a two-lane traffic road (one lane in each direction that did not have full breakdown lanes on each side.

**While technically true as worded, this "statement of fact" is misleading as it ignores and omits relevant information. Although the road did not have a full shoulder, there was a narrow grassy area to the side of the road where the plaintiff had room to pulled over, off the roadway, which is what she did. Contrary to the inference the defendant suggests in stating that there was no breakdown lane, the plaintiff's car was fully off the road and not blocking or inhibiting traffic. [Lockhart-Bembery Affidavit, filed herewith]**

4. Just beyond the edge of the paved road where the plaintiff's car had stopped was an embankment.

**Plaintiff agrees that there was a steep embankment just beyond the edge of the paved road, such that the grassy strip on the side of the road provided a narrow area of safety between the paved roadway and the steep embankment. [Lockhart-Bembery deposition, Exhibit B, p. 112]**

5. Prior to Sgt. Sauro's arrival, a motorist had stopped and allowed the plaintiff to use their [Sic] cell phone.

**Plaintiff does not contest this fact but points out that it is inconsistent with defendants' claim that the plaintiff was "slumped over" in the car, in defendants' Statement of Undisputed Material Fact #2**.

6. AAA was on their way.

**Plaintiff has no way of ascertaining this fact. Plaintiff agrees that she <u>called</u> AAA, but she has no knowledge and there is no evidence that AAA was "on their way".**

7. Upon arrival, Sgt. Sauro noticed a woman sitting in a car that was nearly three quarters of the way on the road.

**Plaintiff vigorously contests this fact. Her deposition testimony [Exhibit B at pp. 110-112] and the drawing defense counsel required her to draw at her deposition [Exhibit B-1] is to the contrary: as the drawing defense counsel asked the plaintiff to sketch at her deposition clearly shows, her car was off the road, on the narrow grassy strip between the paved roadway and the steep embankment. To the extent that this was not clear in her deposition, plaintiff clarifies this in her affidavit filed herewith: not only was her car completely off the roadway and not blocking traffic, but there was no traffic to be blocked. [See Lockhart-Bembery Affidavit, filed herewith] Further, the plaintiff was not sitting in the vehicle when defendant Sauro arrived but was standing outside her vehicle. [Lockhart-Bembery deposition, Exhibit B, p. 79, 81]**

8. Leaving his cruiser's lights activated, Sgt. Sauro then exited his vehicle and approached the plaintiff's car.

**Plaintiff agrees with this statement of fact.**

9. The plaintiff alleges that Sgt. Sauro told her to move the car off the road or it would be towed.

**This order by the defendant Sgt. Sauro to move her car off the road is not an allegation but an undisputed fact.**

10. The plaintiff alleges that Sgt. Sauro then walked back to his car to use his radio.

**Plaintiff does not dispute this fact**.

11. Acting under what the plaintiff described as a threat to two her car . . .[2]

**Once again, defendant's fail to present the facts in the light most favorable to the plaintiff. Defendant Sauro ordered the plaintiff to move her car, an order that she felt compelled to obey, despite the obvious physical rick to her safety. In fact, the plaintiff was severely injured in her effort to comply with defendant Sauro's order. She would not have done this if she did not feel compelled to comply with the order of a uniformed police officer.**

**Defendants seek to minimize the serious harm defendant Sauro caused the plaintiff by ordering her to do what he would not do as too unsafe. [Sauro deposition, Exhibit A, p. 70] Defendants phrasing of defendant Sauro's command to move the car as a "threat to tow her car" minimizes the direct order, thereby failing to present the facts in the light most favorable to the plaintiff. This introductory clause does not state a fact but attempts to mis-characterize a fact: defendant Sauro <u>ordered</u> the plaintiff to move her car, an order that the plaintiff felt obliged to and did obey**.

. . . and after she already called AAA for what would presumably turn into a tow situation, . . .

**Plaintiff does not dispute that she called AAA but again notes that defendants again are mischaracterizing the facts, by implying that defendant Sauro's threat to tow the car was the same as the AAA tow. When defendant Sauro told the plaintiff "Move the car or I will have it towed", the word "towed" was synonymous with "impounded" or "seized".**

---

[2] Defendant inserts multiple facts in item #11 and so Plaintiff has divided this statement of fact #11 into several parts, separating the defendants' text, when interrupted, by ellipses but including the entire text as item #11.

**This is not the same as AAA towing the plaintiff's car to her home or the nearest garage.**

**The fact that the defendants seek to avoid is that defendant Sauro's words "Move the car or I will have it towed" were a direct command. He was not offering the plaintiff an alternative tow service: he was ordering her to "Move the car or else."**

. . . the plaintiff then began pushing the car . . .

**Again, the defendants do not directly mis-state the facts but they clearly seek to shade the facts their way, which they may not do in asking for summary judgment.**

**This fact, simply stated, in the light most favorable to the plaintiff, should read "In response to the direct command of the defendant police officer, plaintiff attempted to push her car, as he had ordered her.**

. . . "I just went into automatic drive and started to push." . . .

**Plaintiff does not contest this.**

. . . While pushing the plaintiff attempted to steer the car. . . .

**Plaintiff does not contest this.**

During this process, the plaintiff alleges that Sergeant Sauro did nothing and just stood next to his cruiser.

**Again, defendants fail to present the facts in the light most favorable to the plaintiff, shading undisputed facts that do not favor them by calling them "allegations". It is <u>undisputed</u> that defendant Sauro stood next to his cruiser and did nothing after ordering the plaintiff to move her car.**

**In fact, defendant Sauro admitted that he would not help her push the vehicle, as he**

ordered her to do, because defendants' regulations prohibited him from doing so, for his own safety. [Sauro deposition, Exhibit A, p. 70]

12. When the Plaintiff stopped pushing, the car stopped. The plaintiff claims that Sgt. Sauro then said, "that is not where I said to put it, move it" back more (sic) "He just pointed."

**Plaintiff does not dispute this fact, but again notes that defendants again fail to present the facts in the light most favorable to the plaintiff, improperly framing the facts they do not like as "plaintiff claims", in order to minimize these facts.**

13. The plaintiff then began pushing the car in the opposite direction. The plaintiff heard Sgt. Sauro say "I told you not to do that."

**While this is technically true, defendants again mislead the Court by <u>omitting that it was after the car began rolling down the embankment, pulling the plaintiff</u>, that plaintiff heard defendant Sauro say "I told you not to do that."**

14. Suddenly, the car gained momentum and started rolling down the embankment.

**The car began rolling down the embankment, pulling the plaintiff, before defendant Sauro said "I told you not to do that."**

15. The plaintiff then ran after her car, trying to physically pull the car to a stop. . . .

**Again, the defendants refuse to present the facts in the light most favorable to the plaintiff, shading the facts. The plaintiff did not "run after the car", but was pulled back by the car, as the next part of the defendants' assertion of fact acknowledges.**

. . . . "Aside from being totally traumatized, that this car was picking up speed and I was

unable to hold it back, unbeknownst to me that the car weighed how many thousands of pounds, thinking that I could move it." While chasing her car down the embankment, the plaintiff recalls Sgt. Sauro saying "I told you not to do that." . . .

**Plaintiff did not "chase" her car down the embankment.  The car pulled her.**

. . . Ignoring his apparent repeated warnings, the plaintiff continued running after her car.

**First, plaintiff did not run after the car, she was being pulled by the car.**

**Secondly, the defendants again improperly argue the facts, failing to present the facts in th light most favorable to the plaintiff.  By adding, the phrase "ignoring his repeated warning", a phrase not in evidence, but the defendants' words, the defendants seek to infer that defendant Sauro was somehow "warning" the plaintiff not to do what he had just ordered her to do.**

**There is no evidence that the defendant ever "warned" the plaintiff.  The more reasonable reading of the evidence is that defendant Sauro, having realized what he did, kept repeating the words "I told you not to do that" with the meaning "Oh no! I shouldn't have told you to do that!"**

16. The plaintiff managed to get the driver's side door open but slipped on the ice-covered grass before she could completely get herself into the car.

**Plaintiff does not contest this fact**.

17. Now stuck in the door with her head facing down towards the ground, the car

dragged the plaintiff approximately fifteen yards down the rest of the embankment.

**Plaintiff does not contest this fact, objecting only to the grammatical construction.**


                                             Plaintiff by counsel,

Date: August 8, 2005                                  /s/ Andrew M. Fischer
                                                              Andrew M. Fischer
                                                              JASON & FISCHER
                                                              47 Winter Street
                                                              Boston, MA 02108
                                                              (617) 423-7904
                                                              BB0# 167040
                                                              Afischer@jasonandfischer.com

CERTIFICATE OF SERVICE

      I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Jeremy Silverfine, Brody, Hardoon, Perkins & Kesten, LLP, One Exeter Plaza, Boston, MA 02116.


Date: August 8, 2005                                  /s/ Andrew M. Fischer
                                                              Andrew M. Fischer

lockhart\statement of contested facts-1.wpd