07/25/2005 14:06   6172758000   LAW OFFICES

EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                          SUPERIOR COURT
                                                        Civ. No. 01-4010

ADELIO DEMIRANDA )
    Plaintiff )
        )
    v. )                                  FIRST AMENDED COMPLAINT
        )
JAMIE BERGER and )
JOHN DOE-1 )
    Defendant )

## PARTIES

1. Plaintiff, Adelio DeMiranda, (hereinafter, "DeMiranda"), resides in West Bridgewater, Plymouth County, Massachusetts. At all times material to this Complaint, DeMiranda was a resident of the Town of Sudbury, Middlesex County and a citizen of the United States. DeMiranda is a person of color. He presently is, and at al times material to this Complaint has been, an attorney, licensed to practice in both the Commonwealth of Massachusetts and the Federal Court.

2. Defendant, Jamie Berger, (hereinafter, "Berger"), was, at all times material to this Complaint, a duly appointed police officer of the Town of Wayland, acting in his official capacity. He is sued both individually and in his official capacity.

1

07/25/2005  14:06    6172758000                LAW OFFICES                           PAGE  02

3. At all times material to this complaint, Berger was acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and the Town of Wayland.

## FACTUAL ALLEGATIONS

4. On July 12, 1998, at approximately 1:50 A.M., DeMiranda was driving his blue Jeep Cherokee west along Boston Post Road in the Town of Wayland on his way home to Sudbury, when he became aware that he was being pursued by an individual in a red motor vehicle who attempted to run him off the road.

5. In order to get away from his pursuer, DeMiranda was forced to increase his speed.

5. Almost immediately, a Wayland police cruiser occupied by Officer Cohen and Auxiliary Officer McCammon, stopped DeMiranda and he was requested to produce his license and registration.

6. While producing his license and registration, he told the officers that a red vehicle trying to force him off the road had pursued him and that same vehicle was speeding past them at that very moment.

7.. Instead or pursuing the other vehicles, the officers ordered him out of his vehicle which was then searched over his rather strenuous objection in blatant violation of his constitutional rights. The only reason why his vehicle was searched was because he was a black man driving through Wayland late at night in a jeep. The officers told DeMiranda that they were searching for weapons because they had seen him make a "furtive gesture".

2

8... Upon completing the search of the vehicle, DeMiranda was issued a "warning" despite his alleged speed of fifty-five miles per hour in a thirty-five mile per hour zone. The officers then told DeMiranda that the next time they caught him, they would go after him with everything they could.

9. DeMiranda immediately proceeded to the Town of Wayland Police Department where he told the desk sergeant that he wished to file a civilian complaint. He was informed that there were no forms at the police station for that purpose.

10. Almost immediately after leaving the police station, DeMiranda noticed that he was being followed by a Wayland police cruiser until he reached the Sudbury town line, at which point the cruiser turned around.

11. On September 18, 1998, DeMiranda was again proceeding west along Boston Post Road in Wayland at around 12:30 A.M. on his way home to Sudbury when he observed a Wayland police cruiser which he later learned was occupied by Defendant Berger, pass him in the opposite lane, heading east.

12. The police cruiser almost immediately turned around and began to pursue him, activating its blue lights and causing him to stop.

13. At the time of the stop, DeMiranda had not violated any motor vehicle laws or engaged in any suspicious or unlawful activity. This stop was for the sole purpose of harassing him for having attempted to file a complaint and for challenging the prior unlawful search of his vehicle

14. In order to justify the stop, Berger issued DeMiranda a citation for speeding, knowing full well that there was no lawful basis for doing so.

3

15. DeMiranda attempted to step out of his vehicle in order to determine whether the other officer who was still seated in the police cruiser was one of the same officers who had stopped him in June. However, unlike the prior occasion on which he was unlawfully ordered out of his vehicle, this time he was ordered to stay in the vehicle.

16. DeMiranda contested the speeding citation and, at the Clerk-Magistrate hearing in the Framingham District Court, was found not responsible. The police prosecutor for the Town of Wayland, in an almost unprecedented manner, appealed the finding of not responsible to a single justice of the Framingham District Court.

17. DeMiranda retained legal counsel for the appeal. At the end of a bitterly contested and unusually lengthy hearing for a speeding citation, DeMiranda was again found not responsible by Judge Stoddart.

## COUNT 1 – VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS

18. DeMiranda repeats the facts alleged in paragraphs 1 - 17 above, thereby incorporating them by reference herein.

19.. In violation of 42 U.S.C. sec. 1983, Berger intentionally, with deliberate indifference and/or negligently deprived or caused DeMiranda to be deprived of rights and privileges secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the United States including but not limited to the right of:

    a)     Freedom from unlawful seizure and,

    b)     Freedom from malicious prosecution.

20. As a direct and proximate result thereof, DeMiranda suffered great anguish

of mind, lost time and wages from his employment, was subjected to extreme embarrassment and humiliation, suffered emotional distress and was otherwise greatly damaged.

### COUNT 2 - VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT

21.. DeMiranda repeats the facts alleged in paragraphs 1 - 17 above, thereby incorporating them by reference herein.

22. Berger, in violation of M.G.L. Ch. 12, sec. 11I, interfered or attempted to interfere by threats, intimidation or coercion with Demiranda's exercise and enjoyment of rights secured under the Constitution and laws of both the Commonwealth of Massachusetts and United States.

23.. As a direct and proximate result thereof, DeMiranda suffered great anguish of mind, lost time and wages from his employment, was subjected to extreme embarrassment and humiliation, suffered emotional distress and was otherwise greatly damaged

### COUNT 6 - MALICIOUS PROSECUTION

24.. DeMiranda repeats the facts alleged in paragraphs 1 - 17 above, thereby incorporating them by reference.

25. Knowing full well that the citation was groundless, Berger compelled DeMiranda to appear in court on two separate occasions in order to vindicate himself.

26. As a direct and proximate result thereof, DeMiranda lost time and wages from his employment, incurred legal expenses and was otherwise greatly damaged

### COUNT 7 - INFLICTION OF EMOTIONAL DISTRESS

27. DeMiranda repeats the facts alleged in paragraphs 1 - 17 above, thereby incorporating them by reference herein.

5

28.  The aforesaid conduct of Berger was extreme, outrageous, and intolerable in a civilized society.

29.  As a result thereof, DeMiranda suffered severe emotional distress and was otherwise greatly damaged.

## PRAYER FOR RELIEF

DeMiranda prays that this Court:

a)  Enter judgment in his favor against all of the defendants on each and every Count of this Complaint;

b)  Award him compensatory damages, and;

c)  Award punitive damages against all of the defendants: and;

d)  Award him the costs of this action, including reasonable attorney fees pursuant to 42 U.S.C. 1988 and/or M.G.L. Ch. 12 §11 and;

e)  Award costs and interest, and;

f)  Award such other and further relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Andrew Stockwell-Alpert
109 State Street
Boston, MA  02109
(617) 720-4244
B.B.O. #481190

6