UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
YVETTE LOCKHART-BEMBERY,                    *
                                            *
           Plaintiff                        *
                                            *
v.                                          *
                                            * C.A. NO. 04-10581-NMG
TOWN OF WAYLAND POLICE DEPARTMENT, *
ROBERT IRVING, in his capacity as CHIEF OF  *
THE WAYLAND POLICE  DEPARTMENT and          *
DANIEL SAURO,                               *
                                            *
           Defendants                       *
*********************************************
```

## JOINT PRE-TRIAL MEMORANDUM

### I. Summary of the Evidence

**A. Plaintiff's Evidence**

On February 6, 2002 Yvette Lockhart-Bembery, a slight fifty-six year old African-American woman, was driving on Route 30 in Wayland when her car, a 1998 Cadillac broke down in the cold weather. The plaintiff was wearing a head covering that made her appear to be Muslim. The plaintiff's evidence is that the car was off the road on a snow covered grassy shoulder, abutting a steep embankment, when defendant Wayland Police Officer Daniel Sauro arrived on the scene.

Despite being told that AAA was on its way, defendant Sauro ordered plaintiff Lockhart-Bembery to push her Cadillac further off the road, creating an obvious danger to her physical safety and well being because of the proximity of the embankment. Defendant Sauro was cognizant enough of the danger that he testified that he would not push a car himself. In fact he testified that department rules prohibit officers from pushing stalled cars because of the danger to them. Nonetheless, defendants Sauro had no qualms about exposing the plaintiff to the danger

from which he was protected.

The evidence will show that while attempting to comply with defendant Sauro's order, the plaintiff slipped and was dragged by her vehicle some 20-30 feet down the embankment. She suffered severe bodily injuries including multiple body fractures, a cervical strain, a left ankle strain, chronic pain, a left scapula fracture, a right first rib fracture, a cervical neck strain, left shoulder pain and parathesia to her fourth and fifth fingers.

The evidence will also show that the Wayland Police Department has a history of stopping minority citizens and has a history of failing to supervise and discipline Wayland Police Officers.

**B.  Defendants' Evidence**

The Defendants will prove that the Town of Wayland Police Department and (now retired) Sgt. Daniel Sauro as well as Chief Robert Irving at all times acted reasonably in the circumstances. Further, the Defendants will show that they received a dispatch call to respond to the Natick/Wayland line on Route 30 for woman slumped over the wheel. Upon arrival, Sergeant Sauro observed a female sitting inside a vehicle, which had broken down. Sgt. Sauro began to direct traffic. Sgt. Sauro suggested that the plaintiff try and roll her vehicle a few feet back off the road to allow traffic to get by. The plaintiff attempted to roll her vehicle but failed to get the car further off the roadway. As a result, Sgt. Sauro told her to leave the car and wait for the AAA wrecker. The plaintiff ignored Sgt. Sauro and continued to push her car in an attempt to get it off the road. As a result, the plaintiff lost control of the vehicle and was injured as it rolled down a hill.

There is no evidence that the Town of Wayland Police Department has a history of "stopping" minority citizens. Additionally, there was no stop in this case.

## II. Statement of Uncontested Facts

This case involves a claim for injuries the plaintiff suffered on February 6, 2002. That morning Plaintiff Lockhart-Bembery's car had broken down on Rte 30 in Wayland, as it approached the Natick line. The plaintiff, pulled her car to the side of the road and called AAA from the cell phone of a good samaritan passerby, who then called 911.

Defendant Sauro responded to the scene. When the plaintiff attempted to move her car, she lost control and her car rolled down a steep embankment, pulling the plaintiff down the embankment, causing her serious injury.

## III. Statement of Contested Facts

### A. Plaintiff's Contested Facts

The Plaintiff will prove that Route 30 in Wayland, where the plaintiff stopped her car, had a narrow grass covered shoulder abutting an embankment and that the plaintiff was able to pull fully off the road onto the grassy area and out of the roadway. Route 30 in Wayland was not busy at the time the plaintiff's car broke down.

When the defendant Sauro arrived at the scene, he threatened to have the plaintiff's car towed to the impound lot if she was not able to move it further off the roadway, despite the fact that the plaintiff had already called AAA. Defendant Sauro then stood by his cruiser and watched as the plaintiff, a slight, 56 year old African-American woman, attempted to push her car further off the road.

Wayland Police Department Regulations prevented defendant Sauro from pushing the vehicle as it was deemed too dangerous for Officers to push a disabled vehicle.

Defendant Sauro then told the plaintiff that she did not move her car a directed and ordered her to move it back more. As the plaintiff attempted to move the car according to

defendant Sauro's instruction, it began to roll off the road into an embankment, pulling the plaintiff along with the car into the embankment.

As the plaintiff was pulled along with the car into the embankment, defendant Sauro then changed his mind and yelled "I told you not to do that." The plaintiff managed to get the driver's side door open but slipped on the ice-covered grass before she could completely get herself into the car. Stuck in the door, the plaintiff was dragged with the car, approximately fifteen yards, down into the embankment.

Although the plaintiff is not a Muslim, she wears a white head covering for religious reasons that makes her appear to be a Muslim. Plaintiff will offer evidence of other "driving while Black" stops of African American motorists and plaintiff's evidence will allow the jury to conclude that the defendant treated the plaintiff as he did based upon her race and perceived religion.

**B. Defendants' Contested Facts**

The Defendants will prove that they received a dispatch call for a woman slumped over the wheel of a car on Route 30. Sergeant Sauro responded to the dispatch and observed the plaintiff behind the wheel of a motor vehicle located on Route 30 near the Natick/Wayland town line. There was traffic at this time for which Sergeant Sauro directed around the plaintiff's vehicle while waiting for an AAA tow truck. During this time period the defendant Sergeant Sauro suggested to the plaintiff that she may want to try and move her vehicle a few feet off the road to allow traffic to go around it. The plaintiff agreed and attempted to push her car off the road. Seeing that the plaintiff was failing in pushing the car further off the road, Sergeant Sauro told the plaintiff to cease. The plaintiff did not heed Sergeant Sauro's request to stop pushing the

car and as a result she lost control and was caught on the car as it went down an embankment causing her injuries.

### IV.  Jurisdictional Questions

None

### V.  Questions Raised By Pending Motions

A Motion for Summary Judgment by the defendants is currently pending.

### VI.  Issues Of Law and Evidentiary Questions

None

### VII.  Requested Amendments to the Pleadings

None

### VIII.  Additional Matters

None

### IX.  Length of Trial

The parties request a jury trial and expect the trial to last four (4) full days.

### X.  Witness List

**A.  Plaintiff's Witnesses**

1. Yvette Lockhart-Bembery;

2. Daniel Sauro;

3. Dr. Darren Rosenberg, Spaulding Rehabilitation Hospital Network;

4. Dr. John Sledge, Boston Medical Center;

5. Dr. Sheila Chapman, Boston Medical Center;

6. Susan Jones, PT, Metrowest Medical Center;

7. Police Chief Robert Irving;

    8. Attorney Adelio DeMiranda; and

    9. Attorney Andrew Stockwell Alpert.

**B. Defendants' Witnesses**

    1. (Retired) Sergeant Daniel Sauro, Wayland Police Department;

    2. Robert Irving, Chief, Wayland Police Department;

    3. Lt. Bruce Cook, Wayland Police Department;

    4. Keeper of Records, Registry of Motor Vehicles;

    5. Keeper of Records, AAA;

    6. Amica Insurance records;

    7. Metro West medical records;

    8. Spaulding Rehabilitation records;

    9. Detective James Ordway, Natick Police Department, 20 East Central Street, Natick, MA;

    10. Former Detective Scott Smith, l/k/a Natick Police Department;

    11. Lt. Gary Parsons, Natick Fire Department, 22 East Central Street, Natick, MA 01760;

    12. Firefighter Nick Ferri, Framingham Fire Department;

    13. Firefighter Joseph Slattery, Natick Fire Department;

    14. Firefighter Doug Fuller, Natick Fire Department;

    15. Firefighter Tom Topham, Natick Fire Department;

    16. Keeper of Records, Natick Fire Department; and

    17. Keeper of Records, Wayland Police Department.

## XI.  List of Exhibits

### A.  Plaintiff's Exhibits

1. Medical records and bills from MetroWest Medical Center,

2. Medical records and bills from Spaulding Rehabilitation Hospital,

3. Medical records and bills from Boston Medical Center,

4. Medical records and bills from Boston Medical Center Department of Radiology,

5. Medical bills from Town of Natick Ambulance,

6. Medical bills from UMASS Memorial Medical Center,

7. Bills from Maaco Auto Painting and Body Works Center,

8. Bill from Automax Service,

9. Insurance Notice that plaintiff's vehicle is a total loss,

10. Photographs of plaintiff's injuries,

11. Photographs of the relevant section of Route 30 in Wayland;

12. A map of Route 30 in Wayland; and

13. Town of Wayland Police Department Policy and Procedure Manual.

### B.  Defendants' Exhibits

In addition to the above-referenced exhibits (listed by the plaintiff), the defendants list the following exhibits separately:

1. Town of Wayland Police Department police reports;

2. Town of Natick Police Department police reports;

3. Records of the plaintiff's driving history, Registry of Motor Vehicles;

4. Records from dispatch from AAA;

5. Records from Amica Insurance relative to the plaintiff's medical history;

      6. Town of Natick Fire Department records;

      7. Photographs of the roadway; and

      8. Photographs of the scene.

| Defendants by counsel, | Plaintiff by counsel, |
|---|---|
| /s/ Jeremy Silverfine | /s/ Andrew M. Fischer |
| Jeremy Silverfine | Andrew M. Fischer |
| Brody, Hardoon, Perkins & Kesten, LLP | JASON & FISCHER |
| One Exeter Plaza | 47 Winter Street |
| Boston, MA 02116. | Boston, MA 02108 |
| 617-880-7100 | (617) 423-7904 |
| BB0#542779 | BB0# 167040 |
| Date: 11/17/05 | Date: 11/17/05 |

lockhart\ptmeom.wpd