United States District Court
District of Massachusetts

```
_____
                               )
YVETTE LOCKHART-BEMBERY,        )
                               )
        Plaintiff,              )
                               )    Civil Action No.
        v.                      )    04-10581-NMG
                               )
TOWN OF WAYLAND POLICE          )
DEPARTMENT, ROBERT IRVING, in   )
his capacity as Chief of the    )
Wayland Police Department, and  )
DANIEL SAURO,                   )
                               )
        Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant dispute, Yvette Lockhart-Bembery ("Ms. Lockhart-Bembery") alleges that defendants Town of Wayland Police Department, Robert Irving, in his capacity as Chief of the Wayland Police Department and Daniel Sauro (collectively "the defendants"), were negligent, intentionally caused her emotional distress and violated her federal and state civil rights. The actions of the defendants allegedly resulted in injuries to the plaintiff suffered during an incident which occurred on February 6, 2002. The defendants move for summary judgment. Having considered the memoranda of law with respect to the pending motion, the Court now resolves it as follows.

**I.    Background**

    **A.    Factual Background**

On the morning of February 6, 2002, Ms. Lockhart-Bembery's car had broken down on Route 30 in Wayland near the Natick line. The plaintiff pulled her car to the side of the road and called AAA from the cellphone of a passerby, who then called 911.

Defendant, Sergeant Daniel Sauro of the Wayland Police Department, responded to the call. Sergeant Sauro decided the plaintiff's car was obstructing traffic and ordered the plaintiff to move her car off the road or it would be towed. He refused to help her because, as he testified at his deposition, it was not safe to push a motor vehicle by hand and it is the policy of the Wayland Police Department that police officers "do not push motor vehicles by hand".

Attempting to comply with Sergeant Sauro's order and under what she allegedly believed was a threat to have her car towed, the plaintiff began pushing her car manually. She attempted to steer the car while pushing but lost control and her car rolled down a steep embankment dragging the plaintiff along and causing her injury.

Sergeant Sauro then came to Ms. Lockhart-Bembery's aid and asked if she was all right. She complained of chest pain which prompted Sergeant Sauro to call for an ambulance. The plaintiff was transported by medical helicopter to Boston Medical Center.

She discharged herself from the hospital the next morning.

    **B.**    **Procedural History**

The plaintiff filed suit in Middlesex Superior Court against the Town of Wayland Police Department, Robert Irving in his capacity as Chief of the Wayland Police Department, and Daniel Sauro.  Ms. Lockhart-Bembery alleges: 1) negligence, 2) intentional infliction of emotional distress, 3) violation of 42 U.S.C. § 1983, 4) violation of the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11H or I and 5) negligent supervision on the part of the municipal defendants.  Defendants offered eight affirmative defenses ranging from failure to state a claim upon which relief can be granted to qualified immunity.

The case was removed by the defendants to this Court on March 24, 2004.  It was originally assigned to Judge Saris but was re-assigned to this session on July 12, 2004.  Defendants moved for summary judgment on July 8, 2005 which plaintiff opposes.

---

**II.**  **Legal Analysis**

    **A.**    **Standard of Review**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46,

50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**B.    Defendants' Motion for Summary Judgment**

**1.    Negligence**

Ms. Lockhart-Bembery alleges in her complaint that she suffered physical injuries and monetary and other damages as a direct and proximate result of Sergeant Sauro's negligence. Under Massachusetts law, negligence is defined as

> the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances.

Beaver v. Costin, 352 Mass. 624, 626 (1967).  Negligent conduct is the proximate cause of an injury where the injury to the plaintiff was a foreseeable result of the defendant's negligent conduct.  Kent v. Commonwealth, 427 Mass. 312, 320 (2002).

Despite the particularly difficult challenge of obtaining summary judgment on a negligence claim, defendants assert that the plaintiff cannot prevail on her negligence claim because 1) Sergeant Sauro's conduct constituted that of a reasonable officer under the circumstances and 2) plaintiff's injuries were not a foreseeable result of his conduct.  This Court finds insufficient evidence in support of summary judgment.

First, it is clear that, based on the evidence presented thus far, reasonable minds could easily disagree as to whether Sergeant Sauro's conduct was reasonable under the circumstances. The Court will not substitute its judgment on this question for

that of a jury.  Second, Ms. Lockhart-Bembery has presented strong evidence that Sergeant Sauro's conduct was a proximate cause of her injuries.  She has clearly met the prerequisites for avoiding summary judgment on this claim.

### 2.   Intentional Infliction of Emotional Distress

Ms. Lockhart-Bembery alleges that the conduct of the defendants was outrageous beyond the bounds of human decency and beyond that which a civilized society would tolerate.  She also claims that the defendants knew or should have known that their conduct would inflict emotional distress on her.  Plaintiff avers that she suffered physical injuries, manifestations of mental and emotional distress and other damages as a result of the allegedly outrageous conduct of the defendants.

To sustain a claim of intentional infliction of emotional distress, a plaintiff must show that 1) the defendant intended to cause, or should have known that his conduct would cause, emotional distress, 2) the defendant's conduct was extreme and outrageous, 3) the defendant's conduct caused the plaintiff's distress and 4) the plaintiff suffered severe distress. Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976).  On the most problematic of those prongs, courts have held that to be considered "extreme and outrageous", the defendant's conduct must be "beyond all bounds of decency and...utterly intolerable in a civilized community."  Id. at 145.

From the pleadings, Ms. Lockhart-Bembery has credibly satisfied the first, third, and fourth prongs of the standard for intentional infliction of emotional distress. The more difficult issue is determining whether a reasonable jury could conclude that Sergeant Sauro's conduct towards Ms. Lockhart-Bembery was extreme and outrageous. In considering that question, the trier of fact "would be entitled to put as harsh a face on the [defendant's actions] as the basic facts would reasonably allow." Richey v. Am. Auto Ass'n, 380 Mass. 835, 839 (1980). Sergeant Sauro ordered the plaintiff to move her car off the road. This Court can conjure no set of circumstances, nor does plaintiff's counsel offer any analogous case law, whereby Sergeant Sauro's action could be deemed "extreme and outrageous". The plaintiff has not offered sufficient facts to get this claim to the jury and it will, therefore, be dismissed.

### 3. Civil Rights Claims – Federal

Ms. Lockhart-Bembery alleges that the actions of Sergeant Sauro constituted: 1) an unconstitutional seizure and detainment, 2) a violation of her due process rights, 3) a state-created danger which caused harm to her and 4) violations of her civil rights. Specifically, she claims that the defendants violated her civil rights when Sergeant Sauro told her to move the car or it would be towed.

To establish liability under 42 U.S.C. § 1983, a plaintiff

must prove that the defendants: 1) acted "under color of state law" and 2) deprived her of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The Court will apply this analysis to each of plaintiff's claims under § 1983.

With respect to Ms. Lockhart-Bembery's allegation that she was seized in violation of § 1983, the Supreme Court stated in United States v. Mendenhall:

> [A] person has been 'seized' within the meaning of the Fourth Amendment only if, in some view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.

446 U.S. 544, 554 (1980). Seizure also occurs when an officer by means of physical force or show of authority has in some way restrained the liberty of a citizen such that he is not free to walk away. Terry v. Ohio, 392 U.S. 1, 16 (1968).

Defendants argue that Ms. Lockhart-Bembery could not have reasonably believed that she was not free to leave when Sergeant Sauro told her to "move the car, or it's going to be towed". Nevertheless, the question of what is a reasonable belief under the circumstances of this case is subject to facts that are disputed and for that reason should be left to the jury.

The plaintiff also asserts that Sergeant Sauro's order to move her car constituted a violation of her due process rights and subsequently constituted a state-created danger that caused her harm. Liability for a state-created danger may be found

where

> [a] government employee, in the rare and exceptional case, affirmatively acts to increase the threat of harm of the claimant or affirmatively prevents the individual from receiving assistance.

Frances-Colon v. Ramirez, 107 F.3d 62, 64 (1st Cir. 1997).  Where the government creates or seriously increases the harm, no violation of due process occurs unless the behavior "shocks the conscience" or is outrageous.  Id. at 63.

Plaintiff asserts that Sergeant Sauro's order to "move the car, or else it will be towed" constituted a state-created danger that resulted in physical injuries to her.  Defendants respond that Sergeant Sauro's behavior was not conscience-shocking or outrageous.  This Court cannot rule, as a matter of law, in favor of the defendants.  Rather, it must indulge all reasonable inferences in Ms. Lockhart-Bembery's favor and when it does so her claim presents a legitimate question of fact for the jury.

### 4. Civil Rights Claims – State

Ms. Lockhart-Bembery alleges that the actions of Sergeant Sauro constituted: 1) an unconstitutional seizure and detainment by use of threats, intimidation or coercion, 2) a state-created danger and 3) violations of her civil rights.  As a result, she claims to be entitled to damages under M.G.L. c. 12, § 11I, the Massachusetts Civil Rights Act ("the MCRA").

To establish a claim under the MCRA, a plaintiff must prove that 1) her exercise or enjoyment of her rights secured by the

-9-

Constitution or the laws of either the United States or the Commonwealth have been subjected to interference or attempted interference and 2) the interference or attempted interference was perpetrated by "threats, intimidation or coercion". Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989). These requirements under the MCRA are "coextensive with 42 U.S.C. § 1983...except that the Federal statute requires State action whereas its State counterpart does not." Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-23 (1985).

Massachusetts case law defines a "threat" as "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm." Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467 (1994). Intimidation "involves putting in fear for the purpose of compelling or deterring conduct." Id. Coercion is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise do." Id. The pleadings demonstrate that with respect to threats, intimidation and coercion, there are genuine issues of material fact. Thus, the claim will be left to the jury for its reasoned determination.

### 5.  Qualified Immunity

In § 1983 actions, the defense of qualified immunity shields a government official performing discretionary functions from

-10-

civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 (1st Cir. 1994). The critical inquiry on a motion for summary judgment is to determine "whether a reasonable official could have believed that his actions were lawful in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct." Id. at 91.

Based on the pleadings, this Court cannot conclusively pronounce that a reasonable officer in Sergeant Sauro's position would have believed his actions were lawful in light of clearly established law and the information he possessed at the time. Although the defendants persist in their contention that the plaintiff's rights were not violated, this Court, again, will not presume to substitute its judgment on that genuine issue of material fact for that of the jury.

### 6.   Negligent Supervision – Municipal Defendants

Finally, Ms. Lockhart-Bembery asserts a negligence claim against the Town of Wayland and Chief Irving under M.G.L. c. 258, § 2, alleging that they owed a duty of reasonable care to her and to all citizens who enter Wayland properly and reasonably to train and supervise its police officers. Specifically, she claims that the municipal defendants failed to adopt and

implement reasonable procedures to prevent abuse of police authority.

To the extent Ms. Lockhart-Bembery alleges that the municipal defendants were negligent in their failure to adopt and implement procedures 1) to prevent abuse of police authority and 2) to discipline its officers, those claims are barred by the discretionary function exception to the Massachusetts Tort Claims Act, M.G.L. c. 258, §10(b). The decision to adopt a policy is protected under the discretionary function rule. Ku v. Town of Framingham, 62 Mass. App. Ct. 271, 279 (2004)(citing Patrazza v. Commonwealth, 398 Mass. 464, 469-70 (1986)). Nevertheless, claims with respect to the manner in which a policy is carried out, such as negligent supervision, are not barred by the discretionary function. Alake v. Boston, 40 Mass. App. Ct. 610, 614 (1996).

Liability under M.G.L. c. 258, § 2 must be based upon proof that: 1) the defendants owed a duty to her, 2) there was a breach of that duty, 3) injury resulted from the breach and 4) a causal connection existed between the breach and the injury. Dinsky v. Framingham, 386 Mass. 801, 804 (1982). Defendants assume, for the purposes of their motion, that there was a duty owed to the plaintiff but assert that there is no evidence that the defendants breached that duty. They also contend that the plaintiff's entire claim rests on Sergeant Sauro's statement to

Ms. Lockhart-Bembery that she had to move her car or suffer the consequences of its being towed.

There is no evidence that Sergeant Sauro's conduct violated any specific regulation or procedure of the Town of Wayland or its Police Department. Even indulging all reasonable inferences in the plaintiff's favor, the evidence proffered by Ms. Lockhart-Bembery is too frail to support the claim advanced. Thus, summary judgment will be allowed with respect to the claims against the Town and the Chief.

### ORDER

In accordance with the foregoing, defendant's motion for summary judgment (Docket No. 20) will be **ALLOWED** with respect to plaintiff's claims of intentional infliction of emotional distress and negligent supervision but will be **DENIED** as to all other claims.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated December 7, 2005