UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
YVETTE LOCKHART-BEMBERY,             *
                                     *
        Plaintiff                    *
                                     *
v.                                   *
                                     * C.A. NO. 04-10581-NMG
TOWN OF WAYLAND POLICE DEPARTMENT,   *
ROBERT IRVING, in his capacity as CHIEF OF *
THE WAYLAND POLICE DEPARTMENT and    *
DANIEL SAURO,                        *
                                     *
        Defendants                   *
*********************************************

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR APPROVAL OF ACCESS TO C.O.R.I. TO ATTORNEYS OF RECORD

Now comes the plaintiff and states the following in opposition to the defendants, Motion For Approval of Access to C.O.R.I. to Attorneys of Record:

Defendants seek an order from this Court allowing them to obtain the criminal records (if any) of four witnesses identified by the plaintiff, purportedly for "impeachment" purposes. The defendants have no basis for suggesting that any of the four witnesses have any convictions admissible for impeachment purposes, or, indeed, any criminal history at all.

Two of these witnesses are lawyers, Adelio DeMiranda, a dark skinned Cape Verdean lawyer who lives in a town near Wayland and has recently settled a case based on his being racially profiled in a series of traffic stops, and Andrew Stockwell Alpert, Mr. DeMiranda's attorney in that case.[1]  They would testify regarding their experiences with the defendant Wayland Police Department.

---

[1] The defendants have moved to exclude the testimony of Mr. DeMiranda and Mr. Stockwell Alpert in a separate motion in limine, Document 34, MOTION OF DEFENDANTS IN LIMINE TO PRECLUDE REFERENCES TO ANY PRIOR STOPS BY THE WAYLAND POLICE DEPARTMENT AND FURTHER EXCLUDE TESTIMONY OF ADELIA DEMIRANDA AND ANDREW STOCKWELL ALPERT

The other two witnesses are expected to offer the limited testimony that traffic was light and the plaintiff's car, on the side of the road, was not interfering with the limited traffic, contradicting defendant Sauro's justification for telling the plaintiff to push her car further away from the road.

While it is within the Court's discretion to allow evidence of prior convictions for impeachment purposes, the Court would be unlikely to exercise its discretion and allow such evidence even if there were a reason to suspect such evidence existed. The defendants now seek permission for a fishing expedition that (1) is unlikely to uncover any convictions and (2) is not justified by the statute defendants' invoke.

Defendants cite M.G.L., c. 6 §172 (c) as basis for intruding into private records of third party witnesses. This is a blatant mis-use of the statute. Section (c) allows governmental agencies to access criminal histories

> where it has been determined that the public interest in disseminating such information to these parties clearly outweighs the interest in security and privacy. The extent of such access shall be limited to that necessary for the actual performance of the criminal justice duties of criminal justice agencies . . . and to that necessary for the actual performance of the actions or duties sustaining the public interest as to agencies or individuals granted access under clause (c).

A fishing expedition to uncover possible dirt with which to tarnish non-party witnesses is hardly a use "necessary for the actual performance" of the defendants' duties as a public agency. Nor can the defendants claim that accessing private criminal history records to defend themselves against civil rights charges is in any way properly part of their "duties" of law enforcement as criminal justice agencies.   To the contrary.

Accordingly, defendants' desire to access the private criminal history records of non-party witnesses, without any basis to suggest that there is impeachable evidence within such records, is an unreasonable intrusion into the statutorily protected privacy of these witnesses and an abuse of the defendants' authority as law enforcement officials and agencies and the defendants' motion should be denied.

                                                          Plaintiff by counsel,

Date: January 10, 2006                                        /s/ Andrew M. Fischer
                                                                            Andrew M. Fischer
                                                                            JASON & FISCHER
                                                                            47 Winter Street
                                                                            Boston, MA 02108
                                                                            (617) 423-7904
                                                                            BB0# 167040
                                                                            afischer@jasonandfischer.com

CERTIFICATE OF SERVICE

       I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Jeremy Silverfine, Brody, Hardoon, Perkins & Kesten, LLP, One Exeter Plaza, Boston, MA 02116.

Date: January 10, 2006                                                  /s/ Andrew M. Fischer
                                                                                    Andrew M. Fischer

lockhart\oppmocrimrecords