United States District Court
District of Massachusetts

```
_____
                               )
YVETTE LOCKHART-BEMBERY,        )
                               )
       Plaintiff,              )
                               )
       v.                      )
                               )   Civil Action No.
TOWN OF WAYLAND POLICE         )   04-10581-NMG
DEPARTMENT, ROBERT IRVING, in  )
his capacity as Chief of the   )
Wayland Police Department, and )
DANIEL SAURO,                  )
                               )
       Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The defendants in the above-entitled case, acting pursuant to M.G.L. c. 6 § 172(c), move the Court for approval of access to criminal offenders' record information ("CORI") by attorneys of record with respect to the following potential witnesses: 1) Yvette Lockhart-Bembery, 2) Adelio DeMiranda, 3) Andrew Stockwell Alpert, 4) Darlene McDaniel and 5) Victoria Woodard. In an accompanying affidavit, defendants' counsel asserts that the CORI information sought "will be used exclusively for witness impeachment and/or [t]rial strategy purposes related to this cause of action" and will not be disclosed to unauthorized persons.

In addressing defendants' motion, this Court finds Schuurman

-1-

v. <u>Town of North Reading</u>, 139 F.R.D. 276 (D. Mass. 1991), particularly instructive. The Court in that case was confronted with an issue similar to the one now before this court. The court in <u>Schuurman</u> reviewed the relevant case law, finding that

> [r]elevance is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action.

<u>Id.</u> at 277 (quoting <u>Gagne</u> v. <u>Reddy</u>, 104 F.R.D. 454, 456 (D. Mass. 1984)). Given that prior convictions are admissible under Fed. R. Evid. 609 to impeach any witness, including plaintiffs testifying on their own behalf, the <u>Schuurman</u> Court ultimately held that discovery of the probation records of the plaintiffs in a civil rights action was proper as being reasonably calculated to lead to the discovery of admissible evidence. <u>Id.</u> Moreover, the Court held that objections to the tendency of that evidence to prejudice or confuse the jury are properly reserved until the time of trial. <u>Id.</u> at 277-78 (citing <u>Roth</u> v. <u>Paramount Film Distrib. Corp.</u>, 4 F.R.D. 302, 304-05 (W.D. Pa. 1945)).

The plaintiff contends that while it is within the Court's discretion to allow evidence of prior convictions for impeachment purposes, defendants' motion is nothing more than a "fishing expedition" that is 1) unlikely to uncover any convictions and 2) not justified by the language of M.G.L. c. 6 § 172(c).

With respect to plaintiff's first contention, it is obvious

that no one can know about any such convictions until the CORI is produced. With respect to plaintiff's second contention, the Court notes that the appointed body created by statute to administer the CORI system authorized, by a two-thirds vote, access to such information by counsel of record who sought to introduce CORI as evidence for impeachment purposes. See Schuurman, 139 F.R.D. at 278. In light of such authorization, plaintiff's objection is meritless.

## ORDER

In accordance with the foregoing, Defendants' Motion for Approval to Utilize the General Grant of Access to C.O.R.I. to Attorneys of Record (Docket No. 32) is **ALLOWED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton  
                                          Nathaniel M. Gorton  
                                          United States District Judge  
Dated January 13, 2006