UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10581 NMG

| | |
|---|---|
| YVETTE LOCKHART-BEMBERY,<br>                      Plaintiff<br>VS.<br><br>TOWN OF WAYLAND POLICE DEPARTMENT,<br>ROBERT IRVING, in his capacity as CHIEF OF THE<br>WAYLAND POLICE DEPARTMENT and<br>DANIEL SAURO<br>                      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO ALLOW EVIDENCE OF PRIOR CRIMINAL CHARGES PURSUANT TO FED. R. EVID. 609(a)(2)

The Defendants hereby move this Honorable Court to be allowed to introduce evidence of prior criminal charges brought against the Plaintiff, Yvette Lockhart-Bembery (hereinafter "the Plaintiff"), for the charged crimes of writing false checks and forging financial documents to impeach the Plaintiff's credibility. The Defendants intend to use this evidence to impeach the credibility of the Plaintiff in two ways. First, the Plaintiff testified under oath, both at her deposition and in her answer to interrogatories that she had not had been the subject of prior criminal charges, and because those statements are contrary to the truth, the statements further establish the Plaintiff's lack of credibility. (See Plaintiff's Deposition, attached hereto as "Exhibit 1", at 58-60[1], and Plaintiff's

---

[1] When questioned whether anyone ever filed a criminal complaint against her, Plaintiff replied "No, not that I know of." (Pl. Dep. at 58 ln. 11.) When asked further whether it was her testimony that she had no criminal complaints against her, Plaintiff answered, "Not that I know. I think I would know." (Pl. Dep. at 58 ln. 14.) When asked whether shad had received any criminal complaints from any agency, DA's office, or police department, notifying her that she had been charged with an offense, Plaintiff replied

Answers to Interrogatories no. 7[2], attached hereto as "Exhibit 2"). Second, the charges involved dishonesty and false statements and therefore indicate the Plaintiff's lack of veracity.

The Federal Rules of Evidence allow for impeachment by evidence of conviction of crime. Rule 609(a) states in relevant part, "For the purposes of attacking the credibility of a witness, (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Evidence of the Plaintiff's prior criminal charges for falsifying financial documents should be admitted because the charges involved "dishonesty or false statement." The charges lodged against the Plaintiff resulted in either admission to sufficient facts to warrant a finding of guilt or dismissed upon payment of court costs and restitution. (See copy of Plaintiff's CORI record, attached hereto as "Exhibit 3"; and certified copies of prior charges of larceny by check and forgery from Framingham and Natick District Courts, attached hereto as "Exhibit 4").

The time limits established by Rule 609(b) can be waived by this Court upon determining "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." The policy rationale behind protecting criminal defendant's from undue prejudice by the introduction of past crimes does not apply to a case such as this, where the witness is a civil plaintiff. Additionally,

---

"No, other than traffic violations." (Pl. Dep. at 58 ln. 21.) The relevant portions of the deposition have been attached for the Court's reference.

[2] In addressing whether she had been arrested, charged or convicted of a crime, the Plaintiff answered, "I have never been arrested or charged with a crime." (Pl. Ans. to Def. Ints.)

unlike in a criminal trial, there can be no confusion among jury members as to whether the evidence is being offered to impeach credibility or to establish conformity with past criminal activity. No one is suggesting that the Plaintiff has forged checks or financial documents in the instant case. The Defendants therefore urge the Court to exercise its discretion in allowing the evidence.

Furthermore, the introduction of evidence of the Plaintiff's prior criminal charges is not barred by Rule 404(b).[3] Although Rule 404(b) bars the admission of evidence of past "bad acts" to show that the actor acted in conformity therewith in the present instance, it allows the introduction of such evidence "for other purposes." As stated above, the Defendants are not seeking to introduce evidence of the prior criminal charges to show the Plaintiff acted in conformity therewith in the present instance but rather for the limited purpose of impeaching the Plaintiff's credibility (ie. Plaintiff's untruthfulness, and the Plaintiff's inability and/or unwillingness to recall and testify to details of past events).

WHEREFORE, this motion should be allowed where the probative value of the record substantially outweighs its prejudicial effect, and where Plaintiff has provided untruthful testimony under oath.

---

[3] Rule 404 (b) states in relevant part:
"Evidence of other crimes, wrongs, or acts, is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

                                              Respectfully submitted,
                                              The Defendants,
                                              By their attorneys,

                                              __/s/ Jeremy Silverfine__
                                              Jeremy Silverfine, BBO No. 542779
                                              Leonard H. Kesten, BBO No. 542042
                                              Brody, Hardoon, Perkins & Kesten, LLP
                                              One Exeter Plaza
                                              Boston, MA 02116
                                              (617) 880-7100

Dated: January 23, 2006