UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

************************************************

YVETTE LOCKHART-BEMBERY,   *
   *
   Plaintiff   *
   *
v.   *
   * **C.A. NO. 04-10581-NMG**

TOWN OF WAYLAND POLICE DEPARTMENT, *
ROBERT IRVING, in his capacity as CHIEF OF  *
THE WAYLAND POLICE  DEPARTMENT and  *
DANIEL SAURO,   *
   *
   Defendants   *

************************************************

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Now comes the plaintiff in the above referenced matter and, pursuant to Rule 51 of the Fed. R. Civ. P. respectfully submits the following requests for instructions to be read to the jury.

## I. INTRODUCTION

1.  In this case plaintiff Yvette Lockhart-Bembery claims to have suffered damages as a result of defendant Sauro's order to get out of her car and push it.  Plaintiff Lockhart-Bembery has a negligence claim against the town of Wayland under M.G.L. Ch. 258  §2 and a claim for civil rights violations against Officer Sauro, based on a theory of State Created Danger.

Specifically, the plaintiff alleges first that plaintiff Sauro was negligent.  She also alleges a civil rights violation: that while he was acting under color of his authority as a Police Officer, defendant Sauro subjected the plaintiff to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States and the Massachusetts Declaration of Rights, namely the Constitutional right not to be placed in danger by a policed officer and not to be placed in danger by obeying the order of a police officer.

## II.  GENERAL PRINCIPALS

**A. Burden Of Proof**

25.  In order to prove her claim of violations of 42 USC §1983, the Federal Civil Rights Statute, the plaintiff needs to establish by a preponderance of the evidence each of the following elements:

First:   That the defendants performed acts which operated to deprive plaintiff of one or more of her federal Constitutional rights, as defined and explained in these instructions, by placing the plaintiff in danger by ordering her to do something dangerous.

Second:  That the defendants acted under the color of the authority of the state of Massachusetts.

Third:  That the defendant's acts ordering the plaintiff to push her car, in the circumstances were the proximate cause of damages by the law.

The plaintiff seeks to recover money damages from the defendants and has brought this suit against the defendant police officer who she claims wrongfully ordered her to physically push her vehicle further off the road, an act that officer was prohibited from doing because it was dangerous, causing her to suffer severe personal injury.  If the Defendant Police Officer, by his conduct, infringed upon the rights of the plaintiff which are guaranteed by the federal and/or state constitutions, then the defendants are liable to the plaintiff for money damages. 42 U.S.C. s.1983.

**B. Preponderance of the Evidence**

3. The burden on the plaintiff in a civil action, such as this, is to prove the elements of their claims by what is termed a "preponderance of the evidence."

To establish something by a "preponderance of the evidence" means to prove to the jury's satisfaction that something is more likely so than not so.  It is as though there are evenly balanced scales such that, if the plaintiffs can tip the scales even slightly in their favor, then the plaintiffs will prevail.

This is not a criminal case, and so the elements of the plaintiffs' claims need not be proven "beyond a reasonable doubt."

Anything is sufficiently established if the evidence before you satisfies you that it is even only slightly more likely than not, even though there may be doubts still lingering in your mind.  *Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250, 81 N.E. 825 (1940.) *Zezuski v. Jenny Mfg. Co.*, 363 Mass. 324, 293 N.E. 2d 875 (1973).

**C. Weight of Evidence**

47.  The testimony of a police officer is entitled to no special or exclusive sanctity.  A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including policemen, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.  *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F 2D 1109 (9th Cir. 1981) *Jennings v. Davis*, 476 F2d 1271 (8th Cir. 1973), *Byrd v. Briske*, 466 F2d 6, 11 (7th Cir. 1972).

**D. "Color of Law"**

5 "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer. The Plaintiff does not have to prove that the defendant was acting within the law. If he was acting as a police officer, then he was acting under the color of law. *Monroe v. Pape*, 365 U.S. 167 (1961). As there is no dispute that Defendant Sauro was acting in his capacity as a police officer for the Town of Wayland, you must find that the defendants were acting under color of law.

## III. <u>LIABILITY</u>

### A. NEGLIGENCE

#### i.  Negligence Generally

6.  Negligence is the failure of a person to exercise the degree of care that a reasonable, cautious and prudent person would have exercised under all the facts and circumstances existing in such particular situation.

To prevail on a claim of negligence, one must show

i.  That the defendant owed the plaintiff a duty of care,

ii.  That the defendant, through action or inaction, failed to exercise reasonable care and therefore breached that duty, and

iii.  That the plaintiff suffered harm as a result of the defendant's failure to exercise reasonable care.

Should you find that Officer Sauro owed the plaintiff a duty not to put her into danger, then acted in a way that put the plaintiff into danger and that the plaintiff suffered injury as a result, then you must find for the plaintiff.

**ii.  Town of Wayland's Liability for Employee's Negligence**

7.  A public employer is liable for personal injury caused by the negligent act of any public employee while acting within the scope of his office or employment.  Should you find that defendant Sauro, while acting as a police officer, was negligent, then you must find the defendant town of Wayland liable for the negligence of defendant Sauro.  M.G.L. ch. 258 **§2**

**B.  FEDERAL CIVIL RIGHTS CLAIMS**

**i. Plaintiff's Claim**

8.  Specifically, the plaintiff alleges that on February 6, 2002 defendant Police Officer Sauro arrived on Route 30 in Wayland where the plaintiff's car had broken down.  Defendant Sauro, acting under color of law, ordered the plaintiff to physically push her vehicle further off of the road, an act he was prohibited from doing himself by departmental regulations.

The United States Constitution and the Massachusetts Declaration of Rights both provide that all persons have the constitutional right to be secure in their persons and the constitutional right not to be deprived of liberty, including the right to be free from unreasonable violations of one's personal integrity, without due process of law.

The Plaintiff claims violations of these rights when she was unlawfully placed in a dangerous position when Defendant Sauro ordered her to physically push her vehicle further off the road on February 6, 2002.  This order was unlawful and put the plaintiff in a more dangerous position than she had be in prior to defendant Sauro's arrival. See U.S. v. Ortiz, 95 S. Ct. 2588 (1975); see also Davis v. Mississippi, 394 U.S. 721 (1969). The laws of the United States authorize the award of actual damages when police conduct, or misconduct, infringes upon these constitutionally guaranteed rights.  42 U.S.C. s. 1983; See Davis v. Smith, 638 F2d 66 (8th Cir. 1981).

**ii. Fourth Amendment Claim**

9.  The plaintiff contends she was deprived of his right to be secure in her person as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.  I instruct you that, as a matter of law, the plaintiff has a constitutional right to be secure in her person.  _Schiller v. Strangis_, 450 F. Supp. at 613 [quoting _Landrigan v. City of Warwick_, 628 F. 2d 736, 741-42 (1st Cir. 1980)].  The plaintiff has established a violation of her Fourth Amendment rights if she proves that defendant Sauro violated her right to be secure in her person by ordering her to push her car in the circumstances.  _Graham v. Connor_, 490 U.S. 386 (1989).

### iii. Fourteenth Amendment Claim

10.   Although it would be impossible to catalogue and describe precisely each liberty interest protected by the Due Process Clause of the Fourteenth Amendment, it can hardly be doubted that chief among them is the right to some degree of bodily integrity.  *White v Rochford*, 592 F2d 381, 383 (7th Cir., 1979).  Among the historic liberties so protected was a right to be free from, and to obtain judicial relief for unjustified intrusions on personal security.  *Ingraham v Wright*, 430 U.S. 651, 97 S.Ct., 1401, 51 L.Ed.,2d 711 (1976).

If you find that the defendant ordered the plaintiff to push her car further off of the road and did so in violation of her right to be secure in her person, then you must find that the defendants deprived the plaintiff of his Fourteenth Amendment right to due process of law.

**iv. Willful Violation of Fourteenth Amendment**

11.  You do not need a specific finding that defendant Sauro acted with malice in order to find that he violated plaintiff Lockhart-Bembery's civil rights.  *Screws v. United States*, 325 U.S.  *White v Rochford*, 592 F2d 381, 383 (7th Cir., 1979).  *Ingraham v Wright*, 430 U.S. 651, 97 S.Ct., 1401, 51 L.Ed.,2d 711 (1976).

**v. Color of Law Requirement**

12. Since the defendant acted with an intention to take official action against the plaintiff, and acted in his capacity as a police officer in stopping, questioning, and in ordering plaintiff Lockheart-Bembery to move her car, then you must find that defendant Sauro was acting under color of state law.  _Williams v. United States_, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); _Screws v. United States_, 325 U.S. 91, 65 S. Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945); _United States v. Classic_, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), reh. denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; _United States v. Jackson_, 235 F. 2d 925 (8th Cir. 1956); _Brown v. United States_, 204 F.2d 247 (6th Cir. 1953); _Koehle v. United States_, 189 F. 2d 711, 713 (5th Cir. 1951), cert. denied 342 U.S. 889, 72 S. Ct. 75, 96 L.Ed. 643 (1951), reh. denied 342 U.S. 889, 72 S. Ct. 172, 96 L.Ed. 667; _Catlette v. United States_, 132 F.2d 902 (4th Cir. 1943); _United States v. Lynch_, 94 F. Supp. 1011 (N.D. GA. 1950), aff'd 189 F. 2d 476 (5th Cir. 1951), cert. denied 342 U.S. 831, 72 S. Ct. 50, 96 L.Ed. 629 (1951).

**vi. Requirement that Defendants Acted "Wrongfully"**

13.  If you determine that the defendant committed the acts of which he is charged, and did so under color of law, then you may determine that he did those acts wrongfully.  You are instructed that the Fourth Amendment to the United States Constitution provides people in this country with the right to be secure in their persons.  _Schiller v. Strangis_, 450 F. Supp. at 613 [quoting _Landrigan v. City of Warwick_, 628 F. 2d 736, 741-42 (1st Cir. 1980)]

**vii.  Requirement that Defendants Acted "Knowingly"**

14.  An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident of other innocent reason.  _U.S. v. A & L Trucking Co._, 358 U.S. 121, 125 (1958).  It is not necessary to find that any defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendants acted in a manner which resulted in a violation of the plaintiff's rights.  _Gomez v. Toledo_, 446 U.S. 635 (1980); _Monroe v. Pape_, 365 U.S. 167 (1961); _Pierson v. Ray_, 386 U.S. 547 (1967); _Roberts v. Williams_, 456 F.2d 819 (5th Cir. 1971); _Skehan v. Board of Trustees_, 538 F.2d 53 (3d Cir. 1976) (en banc).

**viii. Constitutional Protections Under §1983 Generally**

      15.  While every push and shove does not amount to a constitutional violation, it is likewise clear that the shield of the constitution covers the individual's physical integrity. Each of us, as citizens under the constitution, can expect to be safe and secure from seizure or unlawful orders.  Deliberate indifference to the victim's well-being is more than negligence and supports a §1983 claim.  *Taylor v Ledbetter*, 818 F2d 791 (11th Cir., 1987)  Gross negligence or reckless disregard for the safety of others is cognizable as a constitutional violation actionable under §1983.  *White v Rochford*, 592 F2d 381 (7th Cir., 1979)

**ix. State Created Danger**

16.  A state created danger occurs when an officer, through an affirmative action, places an individual in danger.  <u>Wood v Ostrander</u>, 879 F2d 583 (9th Cir., 1989)  The conduct need not be deliberate or intentional to constitute a §1983 claim.  <u>Id</u>.  It is enough (1) that the conduct complained of is under color of law, and (2) that it deprived the plaintiff of a federal constitutional or statutory right.  <u>Id</u>.

Should you find that defendant Sauro, while acting in his capacity as a police officer, made an affirmative action that placed the plaintiff in danger, then you must find a state created danger.

**x. Negligent Conduct as Willful and Objective Reasonableness Standard**

17. In this jurisdiction, liability for the deprivation of constitutional rights may be based on negligence alone. _Fernandez v. Chardon_, 681 F.2d 42, 55 (1st Cir. 1982). Official conduct which negligently leads to the violation of constitutional rights is sufficient. If defendant Sauro could reasonably have foreseen that his conduct would result in the constitutional violations alleged, then his conduct is sufficient for you to find the conduct to be willful.

In other words, the defendant need not have intended to violate the constitutional rights of the plaintiff. The conduct of state and government officials is to be measured by an "objective reasonableness" standard. If defendant Sauro's conduct was enough to violate a "clearly established constitutional rights that a reasonable person would have known" is enough for you to find that defendant Sauro violated plaintiff Lockhart-Bembery's civil rights. _Harlow v. Fitzgerald,_ 457 U.S. 800, 818 (1982).

**C. STATE CIVIL RIGHTS CLAIMS**

**i. Rights Under the Massachusetts Constitution and Massachusetts General Laws**

18.  The plaintiff further alleges that the conduct of the defendant police officer violated her rights under the Massachusetts Constitution and Massachusetts Civil Rights Act, Mass. General Laws Ch. 12, Section 11 I.  These rights include the right of the individual to be secure in their person,  [Massachusetts Constitution, Declaration of Rights, Article XIV]

In order to prevail on the state civil rights act violation claim, the plaintiff must show that her civil rights, specifically the right to be secure in her person, was interfered with by threats, intimidation or coercion. _Sena v. Commonwealth_, 417 Mass. 250 (1994).

Should you find that defendant Sauro's repeated orders to push her car and his statements that he would have it towed constituted threats or coercion that violated plaintiff Lockhart-Bembery's right to be secure in her person, then you must find a violation of the Massachusetts Civil Rights Act.

## IV.  DAMAGES

### A. In General

19.    The term "damages" refers to all factors that make up the total amount which the plaintiff may recover under the law.

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.

The object is to try to restore to the position she would have been in had the wrong not occurred.  The purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to her by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.

There is no special formula under the law to assess the plaintiff's damage.  It is your obligation to assess what is fair, adequate, and just.  You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiff for her injuries.  You must be guided by your common sense and your conscience.

W.P. Keeton, *Prosser and Keeton* § 54, at 359-67 (5th ed. 1984).

*Sullivan v. Old Colony St. Ry. Co.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

*Roy v. Volkwagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990)

*Edwards v. Sears, Roebuck & Co.*, 512 F. 2d 276 (5th Cir. 1975).

*Binder v. Harris*, 267 Mass. 162, 166 N.E. 707 (1929).

**B.  Considerations in Damage Calculations**

20.  While damages must be reasonably ascertainable from the evidence, the fact that there is an element of uncertainty in their assessment is not a bar to recovery.  In this area, much can and must be left to the judgment and estimate of you, the finders of fact.

_Agoos Leather Companies v. American & Foreign Ins. Co._, 342 Mass. 603, 174 N.E. 2d 652, 655. (1961).

## C. Pain and Suffering

21. There are two types of pain and suffering: physical pain and suffering, and mental pain and suffering.

For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiff physically injured. You are to take into account the past pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury. You should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused her a loss of pleasures which she otherwise probably would have had in the form of work or play or family life or whatever. The plaintiff is entitles to full compensation for any reduction in the enjoyment in life which you conclude has resulted or probably will result from this accident.

You should also consider and allow fair, reasonable sum for any permanent condition caused or resulting to the plaintiff as a result of the defendant's wrong. This could include any permanent loss of bodily function. You must determine what amount will fairly and reasonably compensate for that loss.

To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure for past, present, and future suffering such as you find has been proved by the evidence.

_Rodgers v. Boyton,_ 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

_Sullivan v. Boston Gas Co._, 414 Mass. 129, 137-38, 605 N.E.2d 805, 810 (1993).

_Payton v. Abbott Labs._, 386 Mass. 540, 557, 437 N.E.2d 171, 181 (1982).

_Dziokonski v. Babineau_, 375 Mass. 555, 380 N.E.2d 1295 (1978).

_Agis v. Howards Johnson Co._, 371 Mass. 140, 143-45, 355 N.E.2d, 317-18 (1976).

_Colla v. Mandella_, 1 Wis.2d 594, 85 N.W.2d 345 (1957).

W.P. Keeton, _Prosser and Keeton on Torts_ § 54, at 359-66 (5th ed. 1984).

**D.  Medical Expenses**

22.  You also must consider medical, hospital, and nursing expenses incurred by the plaintiff on account of her injuries.

The plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary.  Therefore, you must determine whether the expense was reasonably related to the treatment and care of the plaintiff, and whether the charge itself was reasonable.

You may also consider and allow the plaintiff a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident.

The plaintiff is entitled to recover for whatever expenses she proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries.  The plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident.


*Rodgers v. Boyton*, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

*Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980).

*Cross v. Sharaffa*, 281 Mass. 329, 331-32, 183 N.E. 838, 839-39 (1933).

Doherty v. Ruiz, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

**E.  Permanent Injury**

23.  If you find that the plaintiff's injuries are permanent, you may include in your award at this time what you feel the plaintiff is entitled to for future mental and physical pain and suffering, for future mental anguish due to the nature of her injuries, and for impaired earning capacity.  This is because she is entitled to only one recovery for her injuries, which you are to make at this time.  She cannot come back years or even months from now and sue for additional money for problems which will develop in the future.  You must therefore include in your award now any money you feel she will be entitled to in the future for injury, expense, pain or suffering.

_George v. Jordan Marsh Co._, 359 Mass. 244, 268 N.E.2d 915 (1971).

_Lewis v. Springfield_, 261 Mass. 183, 158 N.E. 656 (1927).

_Stella v. Curtis_, 348 Mass. 458, 204 N.E.2d 457 (1965).

**F.  General Damages**

24.  In evaluating the plaintiff's general damages, that is, her past and future physical and mental pain and suffering, you may take into account such factors as loss of bodily function, deformity and disfigurement, embarrassment and humiliation, and loss of enjoyment of life.

_DoCanto v. Ametek, Inc._, 367 Mass. 776, 328 N.E.2d 873 (1975).

**G.  Future and Present Pain and Suffering**

25.  In determining the plaintiff's damages for mental and emotional distress, you are to fairly compensate her for the past, present and future pain and suffering associated with her emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety.

You may include in your award any amount which you feel fairly compensate the plaintiff for the deterioration if her health, for medical, psychiatric and counseling expenses and for impairment in her earning capacity resulting from the emotional stress.

*Simon v. Solomon*, 385 Mass. 91, 431 N.E.2d 556 (1982);

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

**H. Preexisting Condition**

  26. In determining the extent of the plaintiff's damages, if it is determined that the plaintiff had a preexisting condition, the defendant is still responsible for the harmful results of the combined effects of the wrongful act and pre-existing injury or condition, and if the combined effect of the wrongful conduct and a preexisting condition produces a new injury, the defendant is responsible for the new injury.

37 NOLAN & SARTORIO, MASSACHUSETTS PRACTICE § 13.6 (3d ed.2005).

*McGrath v. G&P Thread Corp.*, 353 Mass. 60, 228 N.E.2d 450 (1967).

*Wallace v. Ludwig*, 292 Mass. 251, 198 N.E. 159 (1935).

**I. Total Award**

27.  Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity, and any future diminution of earning capacity, you should add up each of these damages to arrive at the total award. There must not be any overlapping of the various elements constituting the damages.  The total sum must be fair compensation for the entire injury, no more and no less.

*Rodgers v. Boyton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

*Stella v. Curtis*, 348 Mass. 458, 204 N.E.2d 457 (1965).

*Lewis v. Springfield*, 261 Mass. 183, 158 N.E. 656 (1927).

Plaintiff by counsel,

Date: 1/25/06

/s/ Andrew M. Fischer
Andrew M. Fischer
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
BB0# 167040
afischer@jasonandfischer.com