UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************** 
YVETTE LOCKHART-BEMBERY,             *
                                     *
           Plaintiff                 *
                                     *
v.                                   *
                                     * C.A. NO. 04-10581-NMG
TOWN OF WAYLAND POLICE DEPARTMENT,   *
ROBERT IRVING, in his capacity as CHIEF OF *
THE WAYLAND POLICE DEPARTMENT and    *
DANIEL SAURO,                        *
                                     *
           Defendants                *
***********************************
```

**PLAINTIFF'S OPPOSITION
TO DEFENDANTS' SO CALLED "EMERGENCY" MOTION
FOR THE PLAINTIFF TO PRODUCE THE NAME, ADDRESS AND OTHER
PERTINENT INFORMATION RELATIVE TO HER MENTAL HEALTH CARE**

Now comes the plaintiff and states the following in opposition to the defendants' demand that the plaintiff provide information relative to psychiatric treatment that the defendants speculate the plaintiff is undergoing.

Even if the plaintiff were undergoing psychiatric treatment, the plaintiff's mental health records would not be discoverable. Psychiatric records and social work records are privileged by statute, M.G.L., c112 §135B(c) and M.G.L., c223 §20B(c). The exception is where a party "introduces his mental or emotional condition as an element of his claim or defense and the judge finds that it is more important to the interest of justice that the communications be disclosed". [M.G.L., c223 §20B(c)]

That exception does not apply here, as the plaintiff is not claiming any mental health condition as part of her claim.[1] In fact, she is denying any mental health treatment. Thus the defendants have not met the first of the two requirements they must meet before obtaining any mental health treatment records. The defendants should be denied on this basis alone.

If the Court desired to conduct further inquiry, the result would be the same. Defendants' fishing expedition stems from plaintiff's testimony at her deposition, February 7, 2005, explaining the circumstances of her discharge after she was raped while in the U.S. Marine Corps. With plaintiff's consent, defendants deposed last week the plaintiff's daughter, Mikal Bembery, and ex-husband, Robert Bembery, whom the plaintiff intends to call to testify regarding the plaintiff's condition and recovery from the February 6, 2006 injuries caused by the defendants and to testify how the injuries impacted her life.

In response to defense counsel's questions, Mr. Bembery answered that he would take the plaintiff to the VA for treatment by what he though was a psychiatrist in 1973 or 1974. Defense counsel asked whether this was for "flashbacks" and "trouble coping", to which Mr. Bembery

---

[1] The claim for infliction of emotional distress has been dismissed. Plaintiff's claims focus on the physical injuries she sustained obeying defendant Sauro's order that she push the car further off the rode. These injuries include a broken collarbone, broken rib, facial and bodily abrasions, internal bruisin, numbness in the fingers and an ankle injury. The mental suffering that accompanies such injuries is a "'garden variety' claim of emotional distress, not a claim of psychic injury or psychiatric disorder" that places the plaintiff's mental health into her claim. *Sabree v United Broth. of Carpenters & Joiners of America, Local No. 33*, 126 F.R.D. 422 (D. Mass., 1989) See also *Vanderbilt v Town of Chilmark*, 174 F.R.D. 225 (D. Mass., 1997), which holds that the privilege is waived only when patient-party uses the privileged communication to support a claim or defense, and requires that the party who seeks access to the privileged material demonstrate more than that the patient has made her mental or emotional condition an element of a claim or defense.

answered he did not know.  Mr. Bembery did not know how long his ex-wife continued treatment or whether she is presently treating, let alone with whom or where. [See Exhibit 1 to defendants' motion]

Similarly, the plaintiff's daughter, when asked the leading question "Your mother has been seeing a psychiatrist for quite some time?" responded "Yes", but did not know where or when.  Although she suspected her mother is still in treatment, she responded that she never spoke to her mother about the subject, it was not her business and she did not know whether or where her mother treated for any mental health issues.

Based on this, the defendants have insinuated that the plaintiff is deliberately concealing her mental health treatment, have implied that plaintiff's counsel is complicit in this concealment and based on this, are demanding a motion to compel production of something they do not know exists.  Such request is inappropriate and should be denied.

Even if the plaintiff has a record of mental health treatment, she has not made it an issue in this case.  Indeed, the very concealment of which the defendants are so quick to accuse her (and her counsel) makes clear that she is not making it part of her claim.  Therefore the defendants have established no justification whatsoever for invading the statutory privilege protecting records of mental health treatment.

Date: January 25, 2006

Plaintiff by counsel,
/s/ Andrew M. Fischer
Andrew M. Fischer
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
BB0# 167040
afischer@jasonandfischer.com

lockhart\oppmospychrecords

-3-