UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
YVETTE LOCKHART-BEMBERY,        *
                                *
         Plaintiff              *
                                *
v.                              *
                                * C.A. NO. 04-10581-NMG
TOWN OF WAYLAND POLICE DEPARTMENT, *
ROBERT IRVING, in his capacity as CHIEF OF *
THE WAYLAND POLICE DEPARTMENT and *
DANIEL SAURO,                   *
                                *
         Defendants             *
*******************************************

### OPPOSITION TO DEFENDANTS' MOTION TO ALLOW EVIDENCE OF PRIOR CRIMINAL CHARGES PURSUANT TO FED. R. EVID. 609(a)(2)

The defendants have moved this Court allow the defendants to introduce evidence of prior criminal charges brought against the plaintiff, pursuant to Fed. R. Evid. 609(a)(2), which allows for admission of prior criminal convictions less than ten (10) years old.

These charges, all brought in 1992 or before, all resulted in dismissals. Thus the charges do not meet either of the requirements of Fed. R. Evid. 609. They are not convictions and they are more than ten (10) years old.

Defendants seek a waiver of both these requirements, claiming that the plaintiff falsely concealed that she had been charges with crimes. This is a strained interpretation of the plaintiff's answers to improper deposition testimony, reaching the conclusion that the plaintiff deliberately concealed prior bad acts by assuming that the plaintiff's misunderstanding or lack of memory regarding court procedures constituted willful fraudulent concealment.

More honestly put, the plaintiff, when asked at deposition if she had ever been convicted of a crime, plaintiff answered, correctly, that she had not. This should have been the end of the inquiry. Instead, defendants continued the questioning beyond the scope of Rule 26, asking, perhaps in a deliberate attempt to set the plaintiff up, whether the plaintiff had ever been arrested. Again the plaintiff answered honestly that she had not. The defendants then continued even further beyond the scope of rule 26, asking if the plaintiff had ever been charged with a crime. Again, the plaintiff answered "not that I know of", again an honest answer.

In fact, on several occasions, she had bounced a check when funds had not yet cleared and been accused of larceny by check. In each case, she was summonsed to Court[1], came to Court and paid the moneys in question, the case was dismissed and that was the end of the matter. It is reasonable that the plaintiff did not consider this being "charged" with a crime. This accounts for four of the five non-traffic offenses asserted by the defendants. The fifth is a complaint for "forgery" brought by the plaintiff's ex-husband, which arose over a confusion whether she was authorized or did sign his name to a title a car. This confusion was also resolved amicably with the criminal charge being dismissed.

Finally, the plaintiff's record shows that in 1999 she was charged with operating a car whose registration and insurance had expired, for which she paid a fine. These were civil motor vehicle infractions and not criminal charges, yet the plaintiff had noted these traffic offense when she answered the defendants' improper (outside the scope of Rule 26) question of whether she had been charged with a crime by saying "No, other than traffic offenses."

---

[1] The plaintiff's memory is that she received a phone call to come to court.

This is not evidence of lack of truthfulness. Rather it indicates that the plaintiff, like many deponents, lacks the sophisticated understanding of a criminal lawyer as to what technically constitutes being "charged" with a crime or what technically constitutes a "conviction". Such lack of legal sophistication does not constitute fraud, concealment or lack or truthfulness. Thus the admission of old criminal charges that were dismissed would unfairly prejudice the plaintiff, smearing her with out basis. This is why Fed. R. Evid. 609 only allows admission of criminal convictions with the past ten (10) years, not old and stale charges that were dismissed. Indeed, had she been convicted, the convictions would not be admissible, as they would all be more than ten (10) years old.

Defendants, in asking the Court to ignore Rule 609, suggests that the Court can do so "in the interests of justice" where "the probative value of the conviction [sic] supported by specific facts and circumstances substantially outweighs its prejudicial effects". Yet, in the face of the obvious severe prejudicial effect of admission of the charges in question, the defendants offer no specific facts and circumstances to show why there is any probative value to old criminal charges that were dismissed thirteen (13) or more years ago.

Looking at this motion in tandem with the defendants' fishing expedition for a psychiatric history that the plaintiff denies, the defense is one of character assassination under the guise of "credibility". This case is about whether defendant Sauro ordered the plaintiff to do something that he knew was not safe, placing the plaintiff in danger. It is not about whether the plaintiff suffered psychological trauma from a horrendous act forty years ago or whether the plaintiff bounced checks over ten (10) years ago. This case is solely about what defendant Sauro ordered the plaintiff to do when her car was stuck on the side of Route 30 on the morning of

February 6, 2002.  The Court should not let the defendants distract the jury from the issues in dispute.

                                                          Plaintiff by counsel,

Date: 1/26/06　　　　　　　　　　　　　　　　　　/s/ Andrew M. Fischer  
                                                          Andrew M. Fischer  
                                                          JASON & FISCHER  
                                                          47 Winter Street  
                                                          Boston, MA 02108  
                                                          (617) 423-7904  
                                                          BB0# 167040

lockhart\oppmoallowcrimcharges