United States District Court
District of Massachusetts

|  |  |
|---|---|
| YVETTE LOCKHART-BEMBERY,          )<br>                                   )<br>        Plaintiff,                 )<br>                                   )<br>        v.                         )<br>                                   )<br>TOWN OF WAYLAND POLICE             )<br>DEPARTMENT, ROBERT IRVING, in      )<br>his capacity as Chief of the       )<br>Wayland Police Department, and    )<br>DANIEL SAURO,                      )<br>                                   )<br>        Defendants.                )<br>                                   ) | Civil Action No.<br>04-10581-NMG |

MEMORANDUM & ORDER

GORTON, J.

The defendants in the above-entitled case move this Court to compel the plaintiff, Yvette Lockhart-Bembery, to produce the name(s), address(es) and telephone number(s) of any and all mental health providers with whom she has consulted. Ms. Lockhart-Bembery opposes the motion on the grounds that M.G.L. c. 112 § 135B(c) and M.G.L. c. 233 § 20B(c) declare communications with social workers and psychotherapists, respectively, to be privileged, subject to specific limited exceptions.

Plaintiff's objection would be meritorious if the defendants were seeking "communications" as they are defined by the respective statutes, but defendants move this Court to compel the

-1-

plaintiff to produce only the name(s), address(es) and telephone number(s) of any such mental health providers. That information does not qualify as "communications" of the sort that are privileged under the statutes cited by the plaintiff. Therefore, the plaintiff will produce to the defendants forthwith the requested information, and <u>only</u> that limited information.

## ORDER

Defendants' Emergency Motion for the Plaintiff to Produce the Name, Address and Other Pertinent Information Relative to Her Mental Health Care (Docket No. 46) is **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated January 26, 2006