UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10581 NMG

| | |
|---|---|
| YVETTE LOCKHART-BEMBERY, <br> Plaintiff <br> VS. <br><br> TOWN OF WAYLAND POLICE DEPARTMENT, <br> ROBERT IRVING, in his capacity as CHIEF OF THE <br> WAYLAND POLICE DEPARTMENT and <br> DANIEL SAURO <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' MOTION IN LIMINE TO REDACT NON-TREATMENT RELATED INFORMATION FROM THE PLAINTIFF'S MEDICAL RECORDS

Now come the Defendants and request that the Court order that all non-treatment related information contained within any medical records offered by the Plaintiff be redacted. This information would include statements made by the Plaintiff regarding the incident that is the subject of this action.

As grounds therefore, the defendant states that any such non-treatment related information is inadmissible hearsay, and should be precluded. Massachusetts law adheres to the doctrine that any out-of court statement offered into evidence to prove the truth of the matter asserted therein is considered to be hearsay, and thus inadmissible. Care and Protection of Martha & Others, 407 Mass. 319 (1990). A statement contained within a medical record that does not pertain to diagnosis or treatment does not fall within the medical records exception to the hearsay rule. Com. v. Harris, 65 Mass. App. Ct. 1106 (2005). In Manocchio v. Moran, the court held that had defendant objected specifically to the medical examiner's report's reference to the parking lot

beating, the trial court should have redacted the material, just as it would redact from a medical record any prejudiced hearsay concerning the particulars of a motor vehicle accident that were relayed to the doctor. 919 F.2d 770 (1st Cir. 1990).

To allow statements contained within the medical records that do not relate to medical treatment or diagnosis into evidence would be severely prejudicial to the Defendants. Such statements amount to at least double-layered hearsay, and do not contain the trustworthiness required to qualify as an exception to the hearsay rule. Accordingly, the Defendants request that such information be redacted from any medical records offered into evidence.

>                       Respectfully submitted,
>                       The Defendants,
>                       By their attorneys,
>
>                       /s/ Jeremy Silverfine
>                       Jeremy Silverfine, BBO No. 542779
>                       Leonard H. Kesten, BBO No. 542042
>                       Brody, Hardoon, Perkins & Kesten, LLP
>                       One Exeter Plaza
>                       Boston, MA 02116
>                       (617) 880-7100

Dated: January 30, 2006