UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10581 NMG

| | |
|---|---|
| YVETTE LOCKHART-BEMBERY,<br>                Plaintiff<br>VS.<br><br>TOWN OF WAYLAND POLICE DEPARTMENT,<br>ROBERT IRVING, in his capacity as CHIEF OF THE<br>WAYLAND POLICE DEPARTMENT and<br>DANIEL SAURO<br>                Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS MOTION FOR JUDGMENT AS A
MATTER OF LAW AT CLOSE OF EVIDENCE**

Now come the Defendants pursuant to Fed.R.Civ.P.50(a), and move for judgment as a matter of law in its favor as to all claims against them.

As grounds therefore, said Defendants state that the Plaintiff has not provided sufficient evidence that any constitutionally protected right was violated or interfered with by the actions of the Defendants, as is required to establish a violation of 42 U.S.C. § 1983.

42 U.S.C. § 1983 provides: "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." 42 U.S.C. § 1983. In order to prevail in this case, plaintiff must first and foremost establish that her rights protected by the United States Constitution have been

violated. Specifically, the Plaintiff here contends that her rights protected by the Fourth Amendment have been violated.

The Fourth Amendment of the Constitution of the United States provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized." U. S. Const. Amend. IV. In any case brought under §1983 alleging a denial of the right to be free of illegal search and seizure, the first inquiry must be "whether the plaintiff has been deprived of a right 'secured by the constitution and laws' " of the United States. Willhauck v. Halpin, 953 F.2d 689, 703 (1st Cir. 1991); Baker v. McCollan, 443 U.S. 137 (1979). The question for the Court is whether the allegations of the complaint describe a "constitutional tort actionable under §1983". Polk County v. Dodson, 454 U.S. 312, 326 (1981).

Not every tort allegedly committed by a public employee rises to the level of a constitutional violation. Martinez v. California, 444 U.S. 277, 281 (1980); Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443 U.S. 137, 146 (1979); Furtado v. Bishop, 604 F. 2d 80, 95 (1st Cir. 1979). Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137 (1979). Remedies for "the latter type of injury must be sought in state court under traditional tort-law principles…". Id. Violations of state tort law do not become constitutional violations "merely because the defendant is a state official." Id.

In the subject action, the Plaintiff alleges to have been compelled to push her vehicle out of a roadway by a Town of Wayland police officer. Specifically, the plaintiff alleges that she was threatened by being told to move her car off the road or it would be towed. The Plaintiff has to prove that these allegations constitute a constitutional tort actionable under §1983. However, even assuming the Plaintiff's allegations to be true, the Plaintiff has failed to prove that she has been deprived of any right secured by the Constitution. Such actions do not amount to an illegal search and/or seizure, nor any search and/or seizure whatsoever. The plaintiff's allegations may simply give rise to a state tort action, but do not rise to the standard that is required to prove a federal claim under 42 U.S.C. § 1983.

Based upon the above-stated grounds, the Defendants move for judgment as a matter of law in its favor as to all claims against them, pursuant to Fed.R.Civ.P.50(a).

> Respectfully submitted,
> The Defendants,
> By their attorneys,
>
> /s/ Jeremy Silverfine
> Jeremy Silverfine, BBO No. 542779
> Leonard H. Kesten, BBO No. 542042
> Brody, Hardoon, Perkins & Kesten, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100

Feb. 1
Dated: ~~January 2~~7, 2006