# EXHIBIT A

Case 1:04-cv-10581-NMG   Document 72-2   Filed 02/16/2006   Page 1 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10581 NMG

YVETTE LOCKHART-BEMBERY,
    Plaintiff

V.

TOWN OF WAYLAND POLICE
DEPARTMENT,
ROBERT IRVING, in his capacity as
CHIEF OF THE WAYLAND POLICE
DEPARTMENT,
and
DANIEL SAURO
    Defendants

## DEFENDANTS' FIRST REQUEST FOR JURY INSTRUCTIONS

Now come the Defendants in the above-referenced matter and pursuant to Rule 51 of the Fed. R. Civ. P. respectfully submits the following requests for Instructions to the jury:

### Burden of Proof

1. In a civil action such as this one, the burden of proof is upon the plaintiff to prove each and every essential element of her claim by a preponderance of the credible evidence. If the plaintiff fails to prove any one of the essential elements of her claim by a preponderance of the credible evidence, or if the credible evidence is equally balanced as to any of the essential elements of the plaintiff's claims, then you must find for the defendant. Kenney v. Sears Roebuck & Co., 365 Mass. 604 (1969). Borelli v. Top Value Enterprises, 356 Mass. 110, 113, (1969). Storlazzi v. Bakey, 894 F. Supp. 494, 500 (D. Mass. 1995); White v. Vathally, 570 F. Supp. 1431, 1433 (D. Mass. 1983).

2. The burden of proof is on the plaintiff in a §1983 civil rights action, such as this one, to "prove by a preponderance of the evidence that he or she was deprived of a right secured by the Constitution by a person acting under the color of state law." Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994) (citing Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879, 112 S.Ct. 226 (1991); Fernandez v. Rapone, 926 F. Supp. 255, 260 (D. Mass. 1996).

3. A police officer is presumed to discharge his or her duties impartially and according to the law. This presumption cannot be overcome except by clear and convincing evidence to the contrary. NLRB v. Bibb Mfg., 188 F. 2d 825 (8th Cir. 1951). Unless you are persuaded by clear and convincing evidence that Sergeant Sauro did not discharge his duties impartially and according to the law, you should enter a verdict in favor of the officer.

4. In order to find Sergeant Sauro liable for any action taken in the performance of his official duties, you must find that he knew or reasonably should have known that the actions he took within this sphere of his official responsibilities would violate clearly establish constitutional rights of the plaintiff. Anderson v. Creighton, 43 U.S. 635 (1987).

## CLAIM UNDER 42 U.S.C. § 1983

5. 42 U.S.C. § 1983 provides: "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." 42 U.S.C. § 1983.

6. In order to prevail in this case, plaintiff must first and foremost establish that her rights protected by the United States Constitution have been violated. Plaintiff here contends that her rights protected by the Fourth Amendment have been violated.

7. The Fourth Amendment of the Constitution of the United States provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized." U. S. Const. Amend. IV.

8. In any case brought under §1983 alleging a denial of the right to be free of illegal search and seizure, the first inquiry must be "whether the plaintiff has been deprived of a right 'secured by the constitution and laws'" of the United States. Willhauck v. Halpin, 953 F.2d 689, 703 (1st Cir. 1991); Baker v. McCollan, 443 U.S. 137 (1979). The question for the Court is whether the allegations of the complaint describe a "constitutional tort actionable under §1983". Polk County v. Dodson, 454 U.S. 312, 326 (1981).

9. Not every tort allegedly committed by a public employee rises to the level of a constitutional violation. Martinez v. California, 444 U.S. 277, 281 (1980); Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443 U.S. 137, 146 (1979); Furtado v. Bishop, 604 F. 2d 80, 95 (1st Cir. 1979).

10. Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137 (1979). Remedies for "the latter type of injury must be sought in state court under traditional tort-law principles…". Id. Violations of state tort law do not become constitutional violations "merely because the defendant is a state official." Id.

## Qualified Immunity

11. I have now completed my instructions to you on the elements of plaintiff's Section 1983 claim. If you find that the plaintiff has proved the elements of her Section 1983 claim against the particular defendant that you are

considering, then you must proceed to consider whether this defendant is entitled to what the law calls "qualified immunity." The defendant has alleged such an affirmative defense to the plaintiff's claim. Under qualified immunity, the issue is not the correctness of a defendant's conduct, but rather the objective reasonableness of his chosen course of action given the circumstances confronting him at the scene.

12. A particular defendant is entitled immunity if a reasonable public official in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

13. In deciding what a reasonable public official should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confronted him. Thus, you must ask yourself what a reasonable official in the particular situation of the defendants would have believed about the legality of his conduct. As I stated earlier, you should not, however, consider the defendants' subjective good faith or bad faith. If you find that a reasonable officer in the defendant's situation would have believed that his, or their conduct was lawful, that officer is protected from liability by qualified immunity. To summarize, if the particular defendant that you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law, then you must return a verdict for the defendant on that claim. This is so even though you may have previously found this defendant in fact violated the plaintiff's federally protected right. If you find that a defendant has not proved his entitlement to qualified immunity on plaintiff's claim, assuming that plaintiff has proven this claim, then you should proceed to consider the issue of damages. I again

caution you that a constitutional violation such as that alleged by the plaintiff does not occur where the defendants' actions, even though in error, were due to negligence. Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 17.02.1, pp 17-5, 17-6 and 17-7; Schwartz and Pratt.

14. Government officials, such as police officers, generally are shielded from liability for civil damages, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald 457 U.S. 800, 818 (1982). This principle, known as the doctrine of qualified immunity, ensures that police officers and other government actors will be able to reasonably anticipate when their conduct may give rise to liability. The doctrine of qualified immunity attaches liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right. United States v. Lanier, 520 U.S. 259, 270-71 (1997) (internal quotations and citations omitted).

15. An official performing discretionary functions has qualified immunity from damages so long as a reasonable official in the defendant's position could have believed his conduct was lawful, in light of clearly established law and the information possessed by that official at the time of the challenged conduct. Harlow v. Fitzgerald, 457 U.S. 800 (1982) and Anderson v. Creighton, 483 U.S. 635 (1987).

16. The principle of qualified immunity shields government officials, such as Sergeant Daniel Sauro, who perform discretionary functions from civil liability for money damages when their conduct does not violate "clearly established" statutory authority or constitutional rights of which a reasonable person would have known. Roldan-Plumey v. Cerezo-Suarez, 115 F.3d 58, 65

(1st Cir. 1997), quoting <u>Nereida-Gonzalez v. Tirado-Delgado</u>, 990 F.2d 701, 704 (1st Cir. 1993).

17. "Whether substantive liability or qualified immunity is at issue, the Supreme Court intends to surround the police who make these on-the-spot choices in dangerous situations with a fairly wide zone of protection in close cases... And in close cases, a jury does not automatically get to second-guess theses life and death decisions, even though the plaintiff has an expert and a plausible claim that the situation could better have been handled differently..." <u>Roy v. City of Lewiston</u>, 42 F.3d 691, 695 (1st Cir. 1994).

18. Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987) (quoting <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986)).

19. The doctrine of qualified immunity is intended to give ample room for reasonable but mistaken judgments by police officers. <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 484. This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued. <u>Hunter</u>, 502 U.S. at 229. The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether [his actions are] legal in those circumstances. If an officer's mistake as to what the law requires is reasonable, however, the officer is entitled to immunity. <u>Saucier v. Kate</u>, 121 S. Ct. 2151, 2158.

20. Your evaluation of the qualified immunity defense is a two-step process. First, you must decide should decide whether the conduct alleged by the

plaintiff violated a clearly established principle of law. If so, you should inquire whether the unlawfulness of the action would have been apparent to an objectively reasonable officer. See Showers v. Spangler, 182 F.2d 165, 171 (3d Cir. 2000).

21. The officer's subjective intent is immaterial to the resolution of questions of qualified immunity. Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken. Anderson v. Creighton, 483 U.S. 635, 639 (1987). The appropriate inquiry is whether "a reasonable officer could have believed his conduct to have been reasonable under the law." Kim v. Gant, 1997 WL 535138 at * 10 (E.D. Pa. 1997).

22. The legal principle of qualified immunity applies to claims brought under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act. According to this principle, Sgt. Sauro cannot be held liable under 42 U.S.C. § 1983 or the Massachusetts Civil Rights Act for discretionary, official actions that violate federal or state constitutional or statutory rights unless those rights were clearly established at the time of the violation, and Sgt. Sauro's actions were objectively unreasonable. Kelley v. LaForce, 288 F.3d 1, 10 (1st Cir. 2002).

**Massachusetts Civil Rights**

23. The Massachusetts Civil Rights Act ("MRCA"), G.L. c.12 §§11H and 11I, is "coextensive with 42 U.S.C. §1983, except that the federal statute requires state action whereas its state counterpart does not." Thus, if you find that the plaintiff is not entitled to recover under the federal civil rights, then the plaintiff is not entitled to recover under the Massachusetts Civil Rights Act. Batchelder v. Allied Stores Corp., 393 Mass. 819, 922-23 (1985).

24. To recover under the Massachusetts Civil Rights Act, the plaintiff must prove by a preponderance of the evidence that not only were her civil rights violated, but that those rights were interfered with by threats, intimidation or coercion, which is an "essential element" of a claim under the MRCA. Layne v. Superintendent, Massachusetts Correctional Institution, 406 Mass. 156, 158 (1989).

25. The terms threats, intimidation or coercion are to be applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate. Utility Contractors Ass'n of New England, Inc. v Dept. of Public Works, 29 Mass. App. Ct. 726, 781 (1991). Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989). Smith v. Town of Longmeadow, 29 Mass. App. Ct., 599, 603 (1990).

26. "A threat involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm." Planned Parenthood League of Massachusetts v. Blake, 417 Mass. 467, 474 (1994).

27. "Intimidation involves putting in fear for the purpose of compelling or deterring conduct." Planned Parenthood League of Massachusetts v. Blake, 417 Mass. 467, 474 (1994).

28. Coercion is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Planned Parenthood League of Massachusetts v. Blake, 417 Mass. 467, 474 (1994).

29. Whether conduct is threatening, intimidating or coercive is determined by an objective standard, i.e., whether a reasonable person would be threatened, intimidated or coerced by Sgt. Sauro's conduct. Planned Parenthood League of Massachusetts v. Blake, 417 Mass. 467, 474-475 (1994). If you find that the

plaintiff was not threatened, intimidated or coerced by Sgt. Sauro's conduct, then you must find for Sgt. Sauro on this claim.

### State-created danger

30. The "state-created danger" theory is an "exception to the general rule that there is not a constitutional right to be free from private violence." McIntyre v. U.S., 336 F.Supp.2d 87 (D.Mass. 2004).

31. This theory acknowledges that "where the government's affirmative acts render a citizen more vulnerable to private violence, the citizen has a corresponding constitutional right to be protected from that violence." Id.

### Negligence

32. Negligence is the failure of a person to exercise the degree of care that the reasonable, cautious and prudent person would have exercised under all the facts and circumstances existing in such particular situation.

33. In order to prevail on her claims of negligence, the plaintiff must show: a) that the defendant owed a duty to her to use reasonable care; b) that the defendants, through action or inaction, failed to exercise reasonable care and therefore breached their duty to her; and c) that the plaintiff suffered harm as a result of the defendants' failure to exercise reasonable care.

34. Reasonable care is that amount of care an ordinary and prudent person would exercise under the circumstances. Spano v. Wilson Tisdale Co., 361 Mass. 209 (1972).

### Damages

35. For the defendants to be liable for damages, the plaintiff has the burden of proving by a preponderance of the evidence that whatever injury she suffered was proximately caused by the conduct of the defendants. That is, you cannot find that the defendants violated the plaintiff's constitutional rights unless you may find that there is a sufficient causal connection between the

defendants' acts and the plaintiff's alleged injury. To determine whether there is proximate cause, you must determine whether there is an affirmative link between the defendants' acts and the alleged injury. Fernandez v. Chardon, 681 F.2d 42, 55 (1st Cir. 1982), aff'd Chardon v. Soto, 462 U.S. 650 (1983); Rizzo v. Goode, 423 U.S. 362, 371 (1976).

36. In order for plaintiff to be able to recover damages under 42 U.S.C. § 1983, the plaintiff must prove by a preponderance of the evidence all of the following facts: 1. that the defendants knowingly deprived her of her rights; 2. that when the plaintiff was deprived of her rights, the defendants were acting under the color of state law; 3. that the defendants were responsible for actions of which the plaintiff complains; and 4. that the actions complained of were the proximate cause of damage to the plaintiff. City of Oklahoma v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985); 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions. Civil § 103.03 (4th Ed. 1987).

**Punitive Damages**

37. Punitive damages are only allowed in civil rights cases where the defendants' conduct is shown to be motivated by evil motive, or intent or when it involves reckless or callous indifference to the federally protected right of others. Smith v. Wade, 461 U.S. 30 (1983). The words used to mark off the domain of punitive damage awards – words like 'maliciously' – indicate that punitive damages – are reserved for cases where the wrongfulness of the defendant's conduct is conspicuous." Soderbeck v. Burnett County, Wis., 752 F.2d 285, 291 (7th Cir. 1985). "There must be a high degree of culpability to warrant punitive damages." BMW v. Gore, 46 S.Ct. 1589, 1601 (1996).

38. Punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing. Rosado v. Santiago, 562 F.2d 114 (1st Cir. 1977); Smith v. Wade, 461 U.S. 30 (1983).

39. Punitive damages are reserved instances where a defendant's conduct is of the sort that calls for deterrence and punishment over and above that provided by compensatory damages. Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992).

40. Punitive damages may be awarded only if you find first that the Plaintiff is entitled to actual or compensatory damages, and second, if you find that Sgt. Sauro's conduct was motivated by evil or malice, or involved reckless or callous indifference to Plaintiff's civil rights. Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 581 (lst Cir. 1989).

**Opinion Evidence**

41. Opinion evidence which amounts to a guess or a mere assertion of a possibility should be disregarded by the jury.

    Look's Case, 345 Mass. 112 (1962)

    Oberlander's Case, 348 Mass. 1, 5-6 (1964)

    Dolan v. Suffolk Franklin Savings Bank, 355 Mass. 665, 669-670 (1969).

42. Opinion evidence which is based upon an assumption of facts not proven or which contradicts physical facts must be disregarded, and the jury is not permitted to give credit to such testimony.

    Ruschetti's Case, 299 Mass. 426, 430-31 (1938)

    Naumkeag Theatres Co. v. N.E.Theatres, Inc., 345 F. 2d 910, 913 (1st Cir. 1965), cert. denied, 382 U.S. 906 (1965)

Respectfully submitted
The Defendants,
Town of Wayland, Chief Robert Irving
And Daniel Sauro,
By their attorneys,


<u>/s/ Jeremy I. Silverfine</u>
Jeremy I. Silverfine, BBO #542779
Leonard H. Kesten, BBO # 542042
**Brody, Hardoon, Perkins & Kesten, LLP**
One Exeter Plaza
Boston, MA   02116
(617) 880-7100

Date:  January 23, 2005