UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************
YVETTE LOCKHART-BEMBERY,          *
                                  *
         Plaintiff                *
                                  *
v.                                *
                                  * C.A. NO. 04-10581-NMG
TOWN OF WAYLAND POLICE DEPARTMENT,*
ROBERT IRVING, in his capacity as CHIEF OF *
THE WAYLAND POLICE DEPARTMENT and *
DANIEL SAURO,                     *
                                  *
         Defendants               *
*********************************
```

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

### INTRODUCTION

Pursuant to Fed.R.Civ.P. Rule 54, plaintiff seeks an award of attorney's fees and costs from defendant Town of Wayland Police Department, et al., under 42 USC § 1983 and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff has obtained a judgment against the defendant Daniel Sauro, of the Town of Wayland Police Department, that he violated her civil rights, particularly her Constitutional right to be secure in her person and right to be free from being placed into danger by the state.

Thus plaintiff Lockhart-Bembery is a prevailing party as a matter of law. Now plaintiff moves this Court to award attorney's fees for time spent on this case along with allowable expenses pursuant to 42 USC § 1983 and the EAJA.

**LEGAL ARGUMENT**

A. **PLAINTIFF IS THE PREVAILING PARTY**

Plaintiff is the prevailing party under the EAJA and is entitled to attorney's fees as there was a successful recovery against the Defendant Sauro for the Constitutional violations alleged, which are violations of 42 USC § 1983 that support a full attorney fee award. "To prevail, a party must 'succeed on any significant issue in litigation which achieves some of the benefit [it] sought in bringing suit.' " <u>Boston's Children First v. City of Boston</u>, 395 F.3d 10 (1st Cir.2005)

"The Supreme Court has held that 'a plaintiff who wins nominal damages is a prevailing party under § 1988.' <u>Farrar v. Hobby</u>, 506 U.S. 103 at 112, 113 S.Ct. 566 (1992). This holding recognizes that nominal damages are a 'material alteration of the legal relationship between the parties' because '[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.' <u>Id</u>. at 113.

Here, the jury awarded the plaintiff nominal damages. As the Supreme Court instructed, in <u>Farrar v Hobby</u>, an award of nominal damages "materially alter[ed] the legal relationship between the parties," and thus conferred prevailing party status on the plaintiffs. <u>Id.</u> at 113.

Ms. Lockhart-Bembery has obtained a jury verdict and judgment against defendant Daniel Sauro that he violated her Constitutional right to be secure in her person by placing her in a state created danger by ordering her to do something his own work rules prohibited him from doing, pushing her broken down car. The jury verdict vindicated her challenge to the unconstitutional order defendant Sauro made, thus fulfilling her purpose in bringing this case. Having achieved the purpose of this lawsuit, plaintiff has prevailed in the case. Therefore, plaintiff is a prevailing party entitled to a full fee award.

The fact that the jury only awarded her nominal does not compromise the extent of her victory. She was vindicated in establishing the constitutionally violative orders of defendant Sauro in ordering her to push her vehicle. As the Court noted recently, in awarding fifty five thousand eighty-six dollars and thirty six cents ($55,086.36) in attorneys fees and costs to the prevailing plaintiff in *Norris v Murphy*, 287 F.Supp2d 111 (D. Mass., 2003),

> The First Circuit has refused blindly to follow the simplistic rule that when *de minimus* success is achieved, the only reasonable attorneys' fee is no fee, . . . Rather the Court interprets *Farrar v Hobby*, 506 U.S. 113 (1992)] as 'instruct[ing] district courts ... that in exercising their discretion, they should consider the reasonableness of an award of fees in light of the 'relationship between the extent of success and the amount of the fee award. [citations omitted] Considerations such as the 'deterrent impact' of the lawsuit and 'the importance of providing an incentive to attorneys to represent litigants... who seek to vindicate constitutional rights but whose claim may not result in substantial monetary compensation.

In *Norris v Murphy*, the plaintiff primarily sought monetary damages, yet still was awarded fifty five thousand eighty-six ($55,086.36) dollars and thirty six cents in attorneys fees and costs, because such an award of attorneys fees, despite the award of only $1 in nominal damages, was necessary as "the First Circuit has found on occasion that an award of attorneys' fees serves a public policy when [as here] civil rights issues are at stake." *Norris v Murphy*, 287 F.Supp2d 111, at 115, citing *Gay Officers League v Puerto Rico*, 247 F3d 288, 295 (1st Cir., 2001)

Indeed, Courts award reasonable attorneys' fees in civil rights, despite the recovery of only nominal damages because it serves a valuable public policy of upholding constitutional rights. In civil rights cases the award of attorneys's fees "encourages citizens to vindicate their civil rights, which are matters that involve the public as a whole." *Norris v Murphy*, supra at 115, citing *O'Connor v Huard*, 117 F3d 12, 18 (1st Cir., 1997).

Case 1:04-cv-10581-NMG   Document 74   Filed 02/17/2006   Page 4 of 11

Here, as in *Norris*, plaintiff suffered substantial monetary damages[1], but plaintiff Lockhart-Bembery brought her claim primarily to establish that her rights have been violated. There was no evidence ever offered to support defendant's counsel's claims that it was "all about the money". Rather, the evidence in the case, as the plaintiff's daughter testified, was that all the Plaintiff wanted was an apology, which would have been an acknowledgment that the defendant had done something wrong. Not obtaining that, plaintiff brought suit so that defendant Sauro be confronted with the danger and wrongfulness of his conduct. She has achieved that result.

Plaintiff's victory and success as a prevailing party was established clearly by the jury verdict, regardless of the amount of actual damages, as it was clear that plaintiff obtained what she sought; a ruling that the defendant's conduct was a violation of her constitutional right not to be placed in harm's way by a police officer.

As this Court said in *Connolly v. Harrelson*, 33 F.Supp.2d 92 (D.Mass.,1999)

> It is important to note, however, that money is not the sole, or even the most important, measure of success. See, e.g., *City of Riverside v. Rivera*, 477 U.S. 561, 576, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ( "[R]easonable attorney's fees ... are not conditioned upon and need not be proportionate to an award of money damages."); *Lewis v. Kendrick*, 944 F.2d 949, 957 (1st Cir.1991) ("[T]he fee is not limited by the size of the recovery, but may, in appropriate instances, greatly exceed it."). For this reason, the relatively modest amount of damages received by Connolly and Adao in this case should not, standing alone, bar them from receiving attorneys' fees.

Thus plaintiff Lockhart-Bembery is clearly a prevailing party, entitled to recover her reasonable attorneys fees and costs.

---

[1] See Motion to Set Aside Verdict as Inconsistent or for New Trial as to Damages, filed contemporaneously with this memorandum.

-4-

**B. LODESTAR**

An award of attorney's fees to a prevailing plaintiff in an action under 42 U.S.C. § 1983 or M.G.L. c. 12 §11-I should follow the same principles as an award under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988, which provides for attorney's fees to be awarded to a prevailing plaintiff against the defendants in an action under 42 U.S.C. §1983. The same method should be utilized in awarding the plaintiff his attorneys fees, as prevailing party. The purpose of the Act is to require defendants to pay counsel fees to successful civil rights plaintiffs to encourage competent counsel to take these cases. *Hensley v. Eckerhart*, supra. Compensatory attorney's fees are to be awarded absent "special circumstances." *Burke v. Guiney*, 700 F.2d 772 (1st Cir. 1983).

Attorney's fees are determined based on the "lodestar" method. *Grendel's Den Inc. v. Larkin*, 749 F.2d 945 (1st Cir. 1984). Under this method the court determines a reasonable hourly rate and the amount of time that was reasonably necessary to litigate the case. The product of the hourly rate times the number of hours is the lodestar fee, which is presumed to be reasonable. After the lodestar fee is determined, the court may adjust the fee based on specific circumstances. Plaintiff does not request any adjustment here.

In support of this motion counsel for plaintiff have filed affidavits with complete billing information and a list of compensable expenses. Plaintiff has also provided affidavits from attorneys Joel Suttenberg and Howard Friedman to verify the attorney's hourly rates and the reasonableness of the total time. Supporting documents are available on request of the court.

As explained below, plaintiff is entitled to the lodestar fee as described in the following chart.

|   | Name | Hours | Rate | Total |
|---|------|------|------|------|
| • | Principle Lawyer Fischer<br>General legal work | 147.76 | 275.00 | $40,634.00 |
| • | Junior Associate Budman<br>General legal work | 7.50 | 150.00 | 1,125.00 |
| • | Junior Associate Brodie<br>General legal work | 40.25 | 150.00 | 6,037.50 |
| • | Principle Lawyer Fischer<br>Fee petition preparation | 5.0 | 150.00 | 750.00 |

**TOTAL FEE**                                                                                    $48,546.50

      1.      Reasonable Rate

The hourly rate for an attorney's fees award should be based on the prevailing market rates in the community, which means "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). Plaintiff requests an hourly rate of $275.00 per hour for Andrew Fischer for work on pre-trial motions, the case in chief and post-trial motions and $150.00 per hour for the relatively simpler task of preparing the attorney's fees motion and supporting materials. Plaintiff further requests an hourly rate of $150 per hour for the work of junior associates on pre-trial and trial matters.

The reasonableness of the hourly rates is attested to by the affidavit from Attorney Joel Suttenberg, a former assistant attorney general who now practices employment law and civil rights law and Howard Friedman, a prominent Boston civil rights lawyer with much experience in police misconduct and Fourth Amendment claims.

Approximately five and a half years ago Mr. Friedman was awarded fees at the rate of $200.00 per hour by Judge Rya Zobel in this court for work done beginning in 1989. More recently, Mr. Friedman was awarded attorneys fees at the rate of $240 per hour by this Court within the past three months, with the comment that the rate could have been $250. Affidavit of Howard Friedman.

Massachusetts Lawyers Weekly publishes an annual survey concerning the largest law firms in Massachusetts that includes fee information. The survey in the Massachusetts Lawyers Weekly, Supplement dated April 28, 2003 shows the following range of billing rates:

- Sullivan & Worcester          partners $320-$585, paralegals $75-$180;
- Edwards & Angell              partners $325-$550, paralegals $120-$165;
- Fish & Richardson             partners $350-$595, paralegals $90-$190;
- Burns & Levinsonl             partners $275-$400, paralegals $110-$115;
- Hinckley, Allen & Snyder      partners $250-$475, paralegals $130-$200;
- Prince, Lobel, Glovsky & Tye  partners $300-$425, paralegals $75-$140;
- Cushing & Dolan               partners $275,      paralegals $95-$125;
- Lawson & Weitzen              partners $200-$350, paralegals $25-$90;
- Marcus, Errico, Emmer & Brooks partners $260-$325, paralegals $100;
- LeBoeuf, Lamb, Greene & MacRae partners $395-$480, paralegals $80-$230;
- Duane Morris                  partners $400,      paralegals $158;

The hourly rates requested by counsel in this case are well within the range of hourly rates documented in the Lawyers Weekly study. As this court has noted, an hourly rate of $200 is "on the thrifty side" for an Boston attorney of twenty-five (25) years experience. [see Memorandum and Order of January 27, 1999, Connelly and Adao v. Harrelson, C.A. 96-12522 WGY, upheld by the First Circuit in Connelly v Harrelson, 201 F3d 426 (1st Cir., 1999)]

Mr. Fischer is a member of the Massachusetts Bar Association and Boston Bar Association and has practiced before this court for over twenty (20) years. He has been trying civil rights cases in state and federal courts in Massachusetts since 1983, when he tried Grant et al v City of Boston et al in the Federal District Court for Eastern Massachusetts.

In addition to the Massachusetts Trial Lawyers Association (MATA), the American Trial Lawyers Association (ATLA) and the National Lawyers Guild (NLG), Mr. Fischer is active in several civil rights bar associations. He is an active member of the National Police Accountability Project (NPAP) and the Civil Rights section of the ATLA, which he chaired from 2004-2005. In his capacity as Chair of the Civil Rights litigation Section of ATLA, put together and moderated a half day civil rights litigation educational program at the 2004 annual ATLA convention, July 3-7 in Boston. More recently, he has arranged a seminar in Civil Rights in Hawaii for the 2006 ATLA Winter's Convention scheduled for February 18, 2006 to February 22, 2006. Mr. Fischer is also active in an informal association of police misconduct attorneys, chaired by Howard Friedman, that meets regularly at Suffolk University, under the auspices of Suffollk Law School, Professors Karen Blum and Michael Avery.

    2.    <u>Reasonableness of Hours</u>

        a.    *<u>The Amount of Time Is Reasonable</u>*

This request is based primarily on contemporaneous time and computer records kept by the attorney and paralegal and then entered into the computer by office staff.

The amount of hours and the necessity of a five (5) day trial was the result of the refusal of the defendants to acknowledge their likely liability and resolve the claim before plaintiff had accrued substantial legal costs.

Plaintiff invited a response to her settlement demand, but defendants refused. Plaintiff repeated this request several times, including at the outset of trial and during the trial. Defendants continued to refuse to respond at all with any hint of an offer of an aploogy or offer of settlement.

That the defendant unwilling to make a reasonable offer of settlement in a timely manner, where facts were clear, is the cause of a large portion of plaintiff's fees. Plaintiff's counsel was reasonable in the legal time spent but was obliged to respond to the litigation tactics of the defense. The amount of legal fees claimed is quite modest and reasonable in this context.

        b.        *<u>Counsel Exercised Billing Judgment</u>*

The plaintiff did not bill for clerical or administrative work of any paralegal. If the attorney performed clerical work, it was not billed. In many instances this time was not recorded because it cannot be billed. Also, despite best efforts, inevitably some time was negligently not recorded. Time spent editing the billing records was not billed.

The total time spent on this case indicates restraint by the plaintiff. This demonstrates that the case was not over billed. Since the defense would not assent to plaintiff's repeated requests that the parties agree to dismiss the case, plaintiff had no choice but to spend attorneys time necessary to bring this action into court. There has been, in addition to pre-trial and trial costs, a substantial amount of time dedicated to post-trial motions made by the defendants. These post-trial motions are ongoing and additional time not included in this motion will be requested in a supplementary motion.

       3.       No Adjustments Need Be Made in the Lodestar Rate

Plaintiff does not request an upward adjustment from the lodestar fee. There is no need for a downward adjustment either. *Hensley v. Eckerhart*, 461 U.S. 424, 435. See, *Wagenmann v. Adams*, 829 F.2d 196, 225 (1st Cir. 1987).

Plaintiff's success in obtaining a judgment against the Town of Wayland Police Department and the modest amount of fees requested supports a fully compensatory attorney's fee. In fact, the fees requested are modest, given the multiple summary judgment motions and a week of trial, compared to the fifty five thousand eighty-six ($55,086.36) dollars and thirty six cents in attorneys fees and costs awarded in *Norris v Murphy*, supra, and the seventy nine thousand nine hundred forty nine ($79,949.41) dollars and forty one cents awarded in *Connelly and Adao v. Harrelson*, supra, both of which also involved awards of attorneys fees after a full trial resulted in a verdict of nominal damages after a vindication that the plaintiff's constitutional rights had been violated.

**PLAINTIFF IS ENTITLED TO COSTS**

Plaintiff is entitled to the costs of litigation under 42 USC § 1983 and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff is entitled to recover costs of depositions, sheriff/constable's fees, photography, investigations, court costs, other costs such as copying, parking, and telephone charges under Massachusetts law. *Deary v. City of Gloucester*, 789 F.Supp. 61(D.Mass. 1992), *aff'd* 9 F.3d 191 (1st Cir. 1993). Plaintiff incurred out of pocket expenses, compensable under federal law, of $2,466.27 as documented by the affidavit of Cassandra Pettway-Johnson. Defendants are liable for these expenses.

## CONCLUSION

The court should award $48,546.50 for attorney's fees and $2,466.27 for costs against defendants for a total of $51,012.77.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Yvette Lockhart-Bembery,<br>by her counsel, |
| Date: February 16, 2006 | /s/ Andrew M. Fischer<br>Andrew M. Fischer<br>BB0# 167040<br>JASON & FISCHER<br>47 Winter Street<br>Boston, MA 02108<br>(617) 423-7904 |

lockhart\memattyfees