UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
YVETTE LOCKHART-BEMBERY,         \*

                                    \*
         Plaintiff                        \*
                                    \*
v.                                     \*
                                    \* C.A. NO. 04-10581-NMG

TOWN OF WAYLAND POLICE DEPARTMENT, \*
ROBERT IRVING, in his capacity as CHIEF OF  \*
THE WAYLAND POLICE DEPARTMENT and  \*
DANIEL SAURO,                            \*
                                    \*
         Defendants                    \*
*********************************************

**PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT AS INCONSISTENT,
OR FOR A NEW TRIAL AS TO DAMAGES**

Now comes the plaintiff, pursuant to F.R.C.P., Rule 59(a) and moves that this Honorable Court set aside the verdict in this case as contrary to the overwhelming weight of the evidence and as inconsistent. In the alternative, the plaintiff moves for a new trial on the issue of damages.

As reason, plaintiff states that the verdict that the defendants were not negligent was inconsistent with the finding that defendant Sauro violated the plaintiff's civil rights by ordering her to move her car and that the award of nominal damages was so contrary to the evidence that no reasonable jury could have returned it.

**I. Evidence at Trial and Jury Findings**

At trial, the plaintiff presented evidence that defendant Sauro ordered her to "Move [her] car or it will be towed". Defendant Sauro never denied that he told her to move her car. Rather his defense was that this was a "suggestion", not an order, even though he was wearing a police uniform and was standing in front of his cruiser which had its blue lights flashing at

the time.  Defendant Sauro admitted that pushing a car, even in less dangerous circumstances,[1] was not only an action he not only would not do himself because it was not safe: it was an action prohibited by a Police Department directive, because it was not safe.

The jury returned a verdict, to the first special verdict question, that defendant Sauro had violated the plaintiff's civil rights, obviously finding that his command was just that, and not a mere "suggestion".

The undisputed evidence was that the plaintiff suffered a broken scapula and broken rib, suffered severe facial abrasions, as well as abrasions across her back and over other parts of her body and was evacuated by a Med-Vac helicopter due to the severity of her injuries.  These injuries were not disputed, nor were the other medical bills in evidence, totaling over six thousand ($6,000.00) dollars.  What could be and was disputed was the length of recovery, the permanence of symptoms and whether and to what extent these injuries may have aggravated prior injuries or ailments, but not the fact of real and substantive injury.

However, despite the undisputed evidence of broken bones and other real and substantive injuries, the jury, having found that the defendant had violated the plaintiff's civil rights by ordering her to push her car further off the road, found zero damages, in essence finding that the plaintiff had no injuries, contrary to the clear and undisputed evidence.

The jury also found, in contradiction to the finding that the defendants had violated the plaintiff's civil rights and without any rational basis, that, although the defendant Sauro had violated the plaintiff's civil rights, he was not negligent in telling the plaintiff to push her car

---

[1] The defendant Town's Police Department prohibited police officers from pushing a car in any circumstances.  Here, the undisputed evidence was that the car was on the side of the road straddling a steep and icy embankment.

further off the road, risking it rolling down the icy embankment.  Given the admission of defendant Sauro that there was a department directive prohibiting police officers from pushing cars, the jury's finding that defendant Sauro was not negligent is not only inconsistent with the its finding that he violated the plaintiff's civil rights, which requires a higher standard of proof, but is also contrary to the overwhelming evidence.

In an effort to resolve the conflicting findings as to damages, the Court sought input from the parties.  The defendants asked for an instruction that the jury must award damages but could award nominal damages.  Plaintiff asked the Court to repeat its charge on damages and instruct the jury to deliberate further on damages.  The Court agreed to the defense request and indicated that while it would not repeat the damages charge, it would refer the jury to the pages in its charge that addressed damages.  However, the Court did not do so, only instructing the jury that it had to award damages, but could award nominal damages of $1.

The Court then asked the jury to deliberate further, but within a few minutes, it returned a verdict of damages of $1, grossly and overwhelmingly inconsistent with the evidence of damages actually suffered.

The Court did not address the inconsistency of the finding that the defendant was not negligent, despite plaintiff's timely objection to the inconsistency and motion to set aside the verdicts as inconsistent.

**II. The instruction that the jury could award nominal damages where there was undisputed evidence of actual damages was incorrect and the award of nominal damages is in error as contrary to the overwhelming and undisputed evidence.**

Where there is undisputed of evidence of substantive damages, once a jury finds liability, it must award appropriate damages.  See, e.g., <u>McKinzie v. Fleming</u>, 588 F.2d 165,

167 (5th Cir.1979) (per curiam) (ordering new trial jury where jury found liability but awarded no damages despite undisputed evidence of substantial physical injuries); *Parker v. Wideman*, 380 F.2d 433, 437 (5th Cir.1967) (ordering new trial where "there was uncontroverted and unimpeached testimony that the appellant sustained substantial injuries as a result of the accident, and no evidence was adduced which would support the jury's finding that the appellant sustained no damages...) and *Hatfield v. Seaboard Air Line Railroad Co.,* 396 F.2d 721 (5th Cir.1968) (holding that damages at $1.00 cannot stand in the face of uncontroverted evidence of substantial physical injury.)

Thus it was improper, given the evidence of broken bones and other real injuries and some six thousand ($6,000.00) dollars of medical bills, for the Court to instruct, as defendant requested, that the jury could award nominal damages. Indeed, none of the three cases cited by the defendants support their contention that a jury could be instructed to award nominal damages in the face of actual damages, as none of the defendants cases had any evidence of actual damage.

In *Anderson v City of Boston*, 375 F3d 71 (1st Cir.2004), the First Circuit found that even if the plaintiff's due process rights were violated by the City of Boston's school assignment plan, the plaintiffs presented no evidence that their school assignment would have been different under the plan they sought. Thus the plaintiff suffered no injury. Upon finding that the plaintiff could not prove any damage, the Court wrote that "where there is a deprivation of constitutional rights that do not result in "actual injury" giving rise to compensatory damages, nominal damages are the appropriate remedy". This finding is irrelevant to Ms. Lockhart-Bembery's claim, where the evidence of her physical injuries is obvious and undisputed.

*Anderson v City of Boston* relies upon *Carey v Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.,2d 252 (1978), also cited by the defendants in support of their contention that the jury should be instructed it could award nominal damages. *Carey v Piphus* also involves student plaintiffs, who sued their school claiming they had been suspended without proper due process. The Supreme Court, finding that, like the *Anderson* plaintiffs, the *Carey* plaintiffs suffered no actual damages, held that nominal damages were appropriate.

However, in reaching this finding, Justice Powell held unequivocally that damages awards under the civil rights acts "should be governed by principles of compensation" [at 247] and his opinion reaffirmed that "over the centuries the common law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights." [at 257]

The violation of plaintiff Lockhart-Bembery's right to be secure in her person was not a mere procedural violation that, while a technical violation, resulted in no harm. The order to push her car was an order to do something the defendant knew to be dangerous, even in less precarious circumstances. The harm that resulted from this order was real and the injuries substantive, not nominal. Under common law case law of torts upheld and reaffirmed by Justice Powell writing for the Supreme Court in *Carey v Piphus*, plaintiff Lockhart-Bembery is entitled to fair compensation for these injuries and not mere "nominal" damages.

The third case cited by the defendants, *Domegan v. Ponte*, 972 F.2d 401 (1st Cir.1992) also involves a procedural due process violation where the plaintiff suffered no real injury. The thirty page decision wholly involves the plaintiff's right to attorneys fees despite the award of only nominal damages and no where supports the defendants' contention that it was proper and appropriate to instruct the jury to award nominal damages where there was evidence of substantive physical injury.

Thus, where there was clear and undisputed evidence of substantive physical injury, it was clear error to follow the defendants' request that the jury be instructed that it could award nominal damages, as the plaintiff was entitled, under centuries of common law tort precedent to fair compensation for her actual injuries, as Justice Powell wrote for the Supreme Court in <u>Carey v Piphus</u>, which, ironically, the defendants cited in support of their erroneous contention that a party who suffered actual injury can be awarded nominal damages.

This case is distinguishable from those cases where, in the absence of actual injury, nominal damages are appropriate. Plaintiff Lockhart-Bembery suffered actual, substantive and real injuries and damages. She is entitled to fair compensation for these damages and not merely nominal damages. The Court should remedy the error, either by setting aside the verdict as to damages and ordering a new trial on damages, pursuant to F.R.C.P., Rule 59(a) or by setting aside the entire verdict and ordering a new trial, pursuant to F.R.C.P., Rule 59(a).

**II  The verdicts should be set aside where the verdict that the defendant was not negligent is inconsistent with the verdict that defendant Sauro violated the plaintiff's civil rights by ordering her to move her car further off the road, causing it to roll down the embankment and pulling her with it.**

Where verdicts as to different counts based upon the same evidence are conflicting, the proper remedy is to set aside the verdicts and order a new trial. <u>Downs v. Gulf & Western Mfg. Co., Inc.</u>, 677 F.Supp. 661 (D.Mass.1987). Indeed, Judge Garrity wrote in <u>Downs</u> that "The ordinary remedy for irreconcilable verdicts is a new trial." supra, at 667, citing <u>Ladnier v Murray</u>, 769 F2d 195, 198 (4th Cir. 1995) and <u>Atlantic Tubing & Rubber Co. v International Engraving Co.</u>, 528 F2d 1272, 1276 (1st Cir. 1976)

Judge Garrity dismissed the defendants' "quite inventive reasons" why the jury could

have arrived at inconsistent verdicts on counts of negligence and warranty of merchantability as irrelevant where the "conflict in the jury's findings is irreconcilable as a matter of state law." *Supra* at 667.  The same is true here.  In order to find that defendant Sauro violated the plaintiff's civil rights by placing her in danger, the jury had to find that he acted recklessly or willfully.  To so find, the jury would have had to at least find negligence on the part of defendant Sauro.

      Thus, while the jury could have found the defendants negligent and then found that defendant Sauro did not willfully or recklessly violate the plaintiff's civil rights, the converse cannot hold.  Where the jury found that defendant Sauro willfully or recklessly violated the plaintiff's civil rights, then, by definition, the defendant was at least negligent, as to find a civil rights violation the jury would have had to find more then mere negligence.  Even if defendant Sauro's order that the plaintiff push her car was willful and deliberate, it still bespoke a careless disregard for her safety, and thus, by definition, was a breach of his duty of care to her.  This is, by definition, negligence.

      Consequently, the verdicts that the defendant violated the plaintiff's civil rights but was not negligent are inconsistent.  As the civil rights violation encompasses negligence by definition, once the jury found the civil rights violation, then it was required to find negligence as well.

As the Court, Garrity, J., held in *Downs v. Gulf & Western Mfg. Co., Inc.*, the only proper remedy for such inconsistent and irreconcilable verdicts is to set aside the verdicts and order a new trial.

                                                Plaintiff by counsel,

Date: 2/17/06                                      /s/ Andrew M. Fischer
                                                          Andrew M. Fischer
                                                          JASON & FISCHER
                                                          47 Winter Street
                                                          Boston, MA 02108
                                                          (617) 423-7904
                                                          BB0# 167040

lockhart\monewtrial-1.wpd