UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10581 NMG

YVETTE LOCKHART-BEMBERY,                         )
                              Plaintiff          )
VS.                                              )
                                                 )
TOWN OF WAYLAND POLICE DEPARTMENT, )
ROBERT IRVING, in his capacity as CHIEF OF THE   )
WAYLAND POLICE DEPARTMENT and          )
DANIEL SAURO                                     )
                              Defendants          )

**DEFENDANTS OPPOSITION TO PLAINTIFF  MOTION FOR ATTORNEY
FEES AND COSTS**

Now comes the Defendant, Dan Sauro ( auro , and hereby files his opposition to

the Plaintiff  Motion For Attorney  Fees and Costs.

**I. Background**

The plaintiff brought this action against Sauro and the Town of Wayland Police

Department in connection with injuries she suffered on February 6, 2002.  The plaintiff

alleged that the actions of Sauro constituted an unconstitutional seizure and detainment,

constituted a violation of her due process rights, constituted a state created danger, which

caused harm to her, and otherwise constituted violations of her civil rights.  The plaintiff

also alleged that she suffered physical injuries and monetary and other damages as a

direct and proximate result of Sauro's negligence.  After trial, a jury returned a verdict on

February 2, 2006 against Sauro solely on the plaintiff's claim that Sauro intentionally or

recklessly violated her civil rights.  The jury initially awarded no damages ($0) and then

returned, after further instruction from the Court, with an award one ($1) dollar.  As to all

other counts, the jury returned verdicts for the defendant.

The plaintiff has now moved for attorney's fees and costs pursuant to

Fed.R.Civ.P.Rule 54 and 42 U.S.C. section 1983, which provides, in relevant part, that in

a federal civil rights suit the court, in its discretion, may allow the prevailing party

reasonable attorney's fee as part of the costs.  Boston's Children First v. City of Boston,

395 F.3d 10, 13 (1st Cir. 2005)(denying attorney's fees).  For the following reasons **the**

**Court should deny the plaintiff's motion for attorney's fees and costs.**

## ARGUMENT

**II.  While the Plaintiff is  echnically a prevailing party she is not entitled to attorney**

**fees and costs**

A plaintiff who wins nominal damages is a prevailing party under U.S.C. section

1988.  Farrar v. Hobby, 506 U.S. 103, 112, 113 S.Ct. 566, 573 (1992)(denying attorney

fees).  Boston's Children First v. City of Boston, 395 F.3d 10, 13 (1st Cir. 2005).

However, while the plaintiff may be a prevailing party she is not entitled to a fee award.

Farrar v. Hobby, 506 U.S. 103, 115.  While the  echnical nature of a nominal damages

award does not affect the prevailing party inquiry, it does bear on the propriety of fees

awarded under 42 U.S.C. sec. 1988.  Id. at 114.   The most critical factor in determining a

fee award  reasonableness is the degree of success obtained.   Id.  In circumstances like

the case at bar, the plaintiff  ormally prevailed but should receive no attorney  fees at all.

Id. at 115.

Congress intended to permit the award of counsel fees only when a party has prevailed on the merits. Id. at 109.  Under the Supreme Court  generous formulation  of the term, the plaintiff may be considered a prevailing party for attorney  fees purposes if she succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit. Id.  In this case, the plaintiff failed to demonstrate that she succeeded on any significant issue in litigation.

The plaintiff sued Sauro and the Wayland Police Department and the jury gave her nothing.  o money damages.  No declaratory relief.  No injunctive relief.  Nothing Id. at 107.  The plaintiff did succeed in securing a jury finding that Sauro violated her civil rights and a nominal award of one dollar (after deliberating for a second time per the Court  instruction, the first time returning with no damage award).  Id.  However, this finding did not in any meaningful way change the legal relationship between the plaintiff and Sauro. Id.  Nor was the result for the plaintiff on a significant issue that achieved some of the benefit that the plaintiff sought in bringing suit.  Id.  Even unperceptive counsel must have appreciated they had markedly failed.  Lewis v. Kendrick, 944 F.2d 949, 956 (1st Cir. 1991).

The plaintiff must be able to point to a resolution of the dispute, which changes the legal relationship between the plaintiff and the defendant.  Farrar v. Hobby, 506 U.S. at 111.  No material alteration of the legal relationship occurred here.  Id. at 113.  A technical victory may be so insignificant as to be insufficient to support prevailing party status.  Id.  Where a plaintiff's success on a claim was "purely technical or de minimis," a court would be well within its rights to deny prevailing party status.  Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 294 (1st Cir. 2001).

A nominal damages award does render a plaintiff a prevailing party by allowing her to vindicate her absolute right to procedural due process through enforcement of a judgment against the defendant.  Farrar v. Hobby, 506 U.S. at 115.  In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff failure to prove actual, compensable injury.  Id.

**When a plaintiff recovers only nominal damages because of her failure to prove an essential element of her claim for monetary relief, the only reasonable fee is usually no fee at all.**  Id.  See also Courville v. Barre, 1993 WL 483176 (D.Mass.)(plaintiff  motion for attorney  fees denied where jury found that plaintiff failed to prove any actual, compensable damages).  Fee awards under section 1988 were never intended  o produce windfalls to attorneys.  Farrar v. Hobby, 506 U.S. 103, 115.

It should also be noted that the plaintiff was less than candid in her testimony at trial.  The defendants had filed an emergency pre-trial motion for the names and addresses of the medical providers of the plaintiff  mental health providers.  The court allowed same.  Despite the court order, no such information was ever provided by the plaintiff to the defendants.  Further, documents introduced by the parties at trial showed that the plaintiff was, *inter alia*, taking Prozac (a prescription drug).  Yet when confronted with her own medical records (which she, herself, introduced) at trial the plaintiff denied ever taking Prozac and ever telling anyone else (including her own medical providers) that she used such a drug.  This denial was made despite recorded information from the plaintiff that she had told her medical providers that she was on such a prescription.  No judicial system can reward legal advances  even  ood law of

substantial public interest  ounded on lies.  <u>Ciulla v. Rigny</u>, 89 F. Supp. 2d 97, 105

(D.Mass. 2000)(denying attorney  fees where the Court found the plaintiff lied).

### III. Conclusion

For the reasons set forth hereinabove, the defendants request that this honorable

court deny the plaintiff  motion for attorney  fees and cost.

Respectfully Submitted,

The Defendants,
Town of Wayland Police Department,
Daniel Sauro,
By their attorneys,


    /s/  Jeremy I. Silverfine

Jeremy Silverfine, BBO #542779
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
(617) 880-7100


Date:  3-14-06