UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| YVETTE LOCKHART-BEMBERY, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * C.A. NO. 04-10581-NMG |
| TOWN OF WAYLAND POLICE DEPARTMENT, | * |
| ROBERT IRVING, in his capacity as CHIEF OF | * |
| THE WAYLAND POLICE  DEPARTMENT and | * |
| DANIEL SAURO, | * |
| | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING ATTORNEYS FEES

Now comes the plaintiff and moves this Honorable Court reconsider its award of attorneys fees and increase the award of attorneys fees from the award of $12,946 to an amount that more reasonably reflects the time spent obtaining a successful result in a four day trial and complex summary judgment motion.

In bringing this case, plaintiff sought to establish that the defendant Daniel Sauro had placed her in danger by ordering her to push her car in a situation where it was so clearly unsafe to do so and that the defendant would not do so himself, claiming that there were work rules that prohibited him from being exposed to the same risk.  Plaintiff was a prevailing party on this, her principle claim, with the jury finding that defendant Sauro willfully and deliberately violated her civil rights by placing her in this state created danger.

As the Court notes, at page 23 of its Memorandum and order filed July 11, 2006:

> The Supreme Court has stated unequivocally that 'a plaintiff who wins [even] nominal damages is a prevailing party under §1988, _Farrar v Hobby_, 506 U.S. 103, 118 (1992) (O'Connor, J., concurring).  This is due to the fact that nominal damages are a 'material alteration of the legal relationship between the parties' because a judgment for damages in any amount modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he would not otherwise pay.

Having found the plaintiff to have prevailed on her principal claim, the Court then reduced the plaintiff's fee request from the modest amount of $48,546.50 for a four day trial and opposing a complex summary judgment motion by 80%.   The Court correctly states that it "must filter out the time spent on unsuccessful claims and award the prevailing party fees related solely to time spent litigating the winning claim." [citing *Gay Officers Action League v Puerto Rico*, 247 F3d 288 at 298 (1st Cir., 2001)  However, the plaintiff did not direct the Court as to how to make such allocations from the time sheet notations and attempts to do so here.

Instead, the Court arbitrarily divided the plaintiff's claimed attorneys fees by five, because there were five counts, then awarded the plaintiff 20% of the cost of trying the case, on the basis that she prevailed on one of five claims.  This overlooks the critical fact that the trial would have been the same even if the plaintiff had only tried the civil rights claim on which she prevailed.  Indeed, the trial would have been the same for one, three or four of the five counts, as these four counts were all based on the same facts and the same incident.  The fifth count, for negligent supervision was not part of the trial, in any event, as it was one of two counts dismissed on summary judgment.

The Court recognized this, correctly noting, at p. 24 of its memorandum that "all of plaintiff's claims stem from a common incident and are interconnected in such a way that it is 'difficult to divide the hours expended on a claim by claim basis'." [citing *Hensley v Eckerhart*, 461 U.S. 424, at 435 (1983)]  Thus, as the Court seems to have recognized, the four days of trial would have been the same if the plaintiff had only gone forward on the civil rights "state created danger" claim, and so the plaintiff was entitled to her reasonable attorneys fees for the full four days of trial.  There were no additional facts or evidence needed to establish the

parallel negligence claim and state civil rights claim, as the three claims arose from the same incident.

In other words, the evidence, the time of trial and the attorney's time and legal fees would have been the same if the plaintiff had proceeded only on the one count in which she prevailed. Indeed, the negligence and state civil rights claim were both alternative theories of recovery on the same facts. Consequently, these alternate theories of recovery did not require any significant additional time to pursue, as they were based on the same incident and required counsel to litigate of the same set of facts.

The trial would not have been one fifth as long had the plaintiff abandoned her unsuccessful claims: it would still have been a four day trial. Thus the plaintiff was entitled to reasonable attorneys fees for the four days of trial and to decrease the plaintiff's attorneys fees by 80% was arbitrary, unjust and inconsistent with the plaintiff's right to attorneys fees under 42 U.S.C. §1983, the Equal Access to Justice Act.

While it is true that the plaintiff's attorney did spent additional time on the unsuccessful claims, that time was limited to (1) the portion of discovery requests relating to the negligent supervision claim, (2) extra time expended on the summary judgment opposition on the two counts on which the defendant prevailed and (3) extra time spent on the jury instructions for the negligence claim and state civil rights claim, upon which the jury found for the defendants.

This time is readily determined from the time sheets submitted with plaintiff's fee petition. These time sheets show entries totaling $1,997.50 between October 26, 2004 and

January 31, 2005[1] for time spent on the plaintiff's discovery requests.  While only several

interrogatories and requests for documents involved the failure to supervise claim, a subsequent

motion to compel involved materials sought primarily for the failure to supervise claim.

However, all the time spent on this motion does not appear on the time sheets submitted with

the plaintiff's fee petition.  Even so, allocating 50% of the discovery time to the discovery

related to the negligent supervision claim covers more than the time actually spent for discovery

on the negligent supervision claim.  This would deduct $998.75 from plaintiff's fee petition.

As for the summary judgment time, the time sheets submitted with plaintiff's fee

petition show entries between July 12, 2005 and December 7, 2005 for work related to the

summary judgment, totaling $3,853.75.[2]  Although most of the time researching and writing the

summary judgment opposition was devoted to the state created danger theory, plaintiff did not

allocate the time spent on each claim.  As two of the five claims were dismissed on summary

judgment, an allocation of forty per cent is fair.  Forty percent of $3,853.75 is $1,581.50.

In addition, a review of the time sheets show a telephone conversation with Attorney

Andrew Stockwell Alpert on February 2, 2005.  This call related to the negligent supervision

claim, and so the .5 hour and $137.50 for this time should also be deducted.

---

[1]

The time entry for January 31, 2005, for 1.75 hours, $412.50, includes time spent on several things,
including "review of discovery responses", but the whole amount is included in the $1,997.50, as the
time sheet does not allocate the portion of attorney's time spend on discovery for this entry.

[2]

 The time sheet entries also show an entry for four hours or $1,100 for time spent preparing the
plaintiff's response to the defendants' statement of uncontested facts, but these  facts all involved the
underlying incident and the "state created danger"claim, and thus this time should not be deducted as
time spent on the unsuccessful claims.

Time sheets also show two entries totaling $1,310 in preparation of plaintiff's proposed jury instructions. However only two (2) of the twenty eight (28) pages of proposed jury instructions involved the unsuccessful claims, one on negligent supervision and one on the state civil rights. Thus a deduction of $130 is more than equitable.

Thus the time that is appropriately attributable to the unsuccessful claims is the sum total of the three areas identified above: $998.75 for discovery relating to the failure to supervise claim, $1,581.50 for the time spent opposing the two claims dismissed on summary judgment, $130 for the time spent on jury instructions related the losing claims at trial and $137.50 for the time spent in the telephone call with Attorney Stockwell Alpert.

This show a total of only $2,947.75 spent on the four unsuccessful claims that would not have been spent on the trial for the prevailing civil rights claim, anyway. That is because, as the Court recognized, the facts and the underlying incident were the same for all three claims that went to trial. Thus an equitable reduction from the plaintiff's fee petition, properly deducting the time spent solely on the unsuccessful claims that would not have otherwise been spent would be from $48,546.50 to $45,598.75. Plaintiff would have no objection if the Court were to determine that a larger lodestar reduction were warranted, given the outcome.

However, the plaintiff respectfully requests reconsideration of the award of attorneys fees in light of the necessary attorneys fees incurred. Plaintiff was obliged to oppose a summary judgment motion and the four days of trial were necessary to prevail on her civil rights claim.

In this light, plaintiff's total fee request is quite modest.  Plaintiff seeks no windfall,

only the reasonable fees incurred in prevailing on a four day trial and seeks the Court's

reasonable reconsideration of its fee award in this light.

Plaintiff by counsel,


Date: July 31, 2006                                    /s/ Andrew M. Fischer
                                                       Andrew M. Fischer
                                                       JASON & FISCHER
                                                       47 Winter Street
                                                       Boston, MA 02108
                                                       (617) 423-7904
                                                       BB0# 167040

lockhart/mtnreconsider.wpd